IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNIFIED WESTERN GROCERS, INC., et. al, | CIVIL NO. CV03-00336 HG BMK (Declaratory Judgment) |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| TWIN CITY FIRE INSURANCE COMPANY, an Indiana Corporation, | |
| Defendant. | |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

Plaintiffs Unified Western Grocers, Inc., Certified Grocers of California, Ltd., and Grocers Specialty Company (hereinafter "Plaintiffs") move for leave of this Court to file a First Amended Complaint[1] to add (1) a count for declaratory relief that Defendant Twin City Fire Insurance Company ("Twin City") has a duty to cover claims asserted by Value Recovery Group, L.P. ("VRG"), and (2) a cause of action for the breach of the covenant of good faith and fair dealing. Plaintiffs'

---

[1] A redlined version of Plaintiffs' proposed First Amended Complaint, showing the changes, is attached hereto as Exhibit "A".

158501.1

request is made pursuant to Rule 15 of the Federal Rules of Civil Procedure ("FRCP").

II.     PROCEDURAL BACKGROUND

    A.     The Underlying Lawsuit as Originally Filed by the Bankruptcy Trustee

This is an insurance coverage dispute arising from a D&O liability policy issued to Plaintiff Unified Western Grocers, Inc. ("Unified") by Defendant Twin City. In an action entitled Yee v. Unified Western Grocers, et al., Civil No. 02-00668 HG BMK (hereinafter "the Underlying Lawsuit"), Mark Yee ("Yee"), as the bankruptcy trustee for the estate of former Unified subsidiary Hawaiian Grocery Stores, Ltd. ("HGS") sued Unified, its subsidiary and five of its officers and/or directors (the individual D&O's) for breach of fiduciary duty and other claims. See Unified Western Grocers, Inc. v. Twin City Fire Ins. Co., 457 F.3d 1106 (9th Cir. 2006) (hereinafter, "Ninth Circuit Opinion").

    B.     Twin City's Denial of Coverage for the Bankruptcy Trustee's Claims Against Plaintiffs

Under the insurance policy, Twin City promised to reimburse Unified for indemnifying the individual D&O's against liability for alleged or actual wrongful acts. See Ninth Circuit Opinion, 457 F.3d at 1110. Plaintiffs promptly tendered Yee's claims to Twin City. Twin City denied coverage on two grounds: (1) exclusion F of the policy and (2) the nature of the relief sought by Yee (i.e.,

disgorgement versus covered damages).  See Exhibits G and H, attached.  In response to Twin City's refusal to provide coverage, Plaintiffs filed the instant declaratory judgment action on June 27, 2003.

    C.    Twin City's Denial of Coverage for VRG's Claims Against Plaintiffs

In February, 2004, *after* this action was filed and in response to the dismissal of certain claims asserted by Yee on behalf of creditors in the Underlying Lawsuit, VRG[2] filed a separate action against Plaintiffs, the individual D&O's and other parties in state court.  See Value Recovery Group, L.P. v. KPMG, et al., Civ. No. 04-1-0355-2 (GWBC) (First Circuit Court, Hawaii), complaint attached as part of Exhibit C.  As a parallel course of action, Yee also sought leave of court in *the Underlying Lawsuit* to add VRG as a co-plaintiff to assert the same claims.  See Exhibit D.  On July 1, 2004, Yee filed an amended complaint which added VRG as a plaintiff in the Underlying Lawsuit.  See Exhibit "B".  VRG's allegations tracked Yee's claims.  Plaintiffs promptly tendered VRG's claims to Twin City.  See Exhibit C.  Twin City did not formally respond to Plaintiffs' tender, but both Twin City and the Plaintiffs briefed the VRG claims in cross-motions for summary judgment.  Ultimately, in a letter dated January 25, 2005, Twin City denied

---

[2] VRG is the assignee of the Federal Deposit Insurance Corporation, a Receiver of Southern Pacific Bank, including its division or subsidiary Coast Business Credit ("Coast").  Coast was a creditor of HGS.

coverage for VRG's claims for the same reasons that it had denied coverage for Yee's claims. See Exhibit F.

D.  Motions for Summary Judgment

Pursuant to a stipulated scheduling order in this case, Plaintiffs and Twin City filed cross-motions for summary judgment on the coverage issues. On December 6, 2004, the Court granted Twin City's motion for summary judgment. The Court issued a written order on April 21, 2005. Unified Western Grocers, Inc. v. Twin City Fire Ins. Co., 371 F.Supp.2d 1234 (D. Haw. 2005). Although, as noted above, both sides briefed the VRG coverage issues in their respective briefs, the Court determined that such matters were outside the scope of the lawsuit. Id. at 1249. Plaintiffs filed a motion for reconsideration of the summary judgment orders, which the Court denied. Unified Western Grocers v. Twin City Fire Ins. Co., 2005 WL 1330052 (D. Haw. 2005).

On November 3, 2004, Plaintiffs filed a Motion for Leave to File First Amended Complaint in which Plaintiffs sought to add the same breach of good faith and fair dealing that they seek to add in this Motion. The Court denied Plaintiffs' motion without prejudice because the Court had already granted summary judgment in favor of Twin City.

Plaintiffs appealed this Court's summary judgment rulings to the Ninth Circuit. On August 14, 2006, the Ninth Circuit reversed the summary judgment

granted to Twin City and remanded for further proceedings consistent with its opinion. The Ninth Circuit held that (1) Twin City bears the burden of proving the applicability of Cal. Ins. Code § 533; (2) Yee asserted claims based on negligent conduct; (3) fact issues precluded summary judgment where Twin City provided no evidence of the insureds' actual conduct; (4) Yee's claims sought insurable damages; and (5) exclusion F was inapplicable to deny coverage for Yee's claims. See Ninth Circuit Opinion, 457 F.3d at 1111-17.

E.    Remand to This Court

Following remand, a rescheduling conference was held on January 4, 2007. The Court issued an Amended Rule 16 Scheduling Order setting jury trial to start on November 6, 2007, with discovery cutoff on September 7, 2007. The Court also set April 6, 2007 as the deadline for amending pleadings or adding parties.

III.   DISCUSSION

The U.S. Supreme Court has stressed that "Rule 15 (a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. . . . In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962); see also Partington v. Bugliosi, 825 F. Supp. 906, 925 (D. Haw. 1993) ("We have noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) by freely

granting leave to amend . . . ."). There is thus a "strong policy to permit the amending of pleadings." Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986) (quoting Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973)). "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny leave to amend." See United States v. Pend Oreille Pub. Util. Dist., 926 F.2d 1502, 1511-12 (9th Cir. 1991).

Four factors govern the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of the amendment. DCD Programs, 833 F.2d at 186; Gabrielson, 785 F.2d at 765. As demonstrated below, Plaintiffs' Motion for Leave to Amend should be granted under this framework.

A.   Plaintiffs' Motion Is Not Made in Bad Faith.

Bad faith in the context of Rule 15 exists when a party makes amendments for a wrongful motive or attempts to prolong meritless litigation by making repeated and baseless amendments to its pleadings. Jones v. Bates, 127 F.3d 839, 847 (9th Cir. 1997). Here, there is no improper motive or other indication of bad faith. Plaintiffs always kept Twin City reasonably abreast of developments on VRG's claims. See Exhibits C-E. After this Court ruled that the VRG claims were outside the scope of this lawsuit, Plaintiffs requested that Twin City respond to its prior tender and make its formal position clear. Exhibit E. Twin City's coverage

position (Exhibit F) establishes that there is a genuine dispute that needs to be resolved, and declaratory relief is the accepted means of raising the issue.

As for the count alleging breach of the covenant of good faith and fair dealing, Plaintiffs' counsel determined in 2004, after initiating this lawsuit but well in advance of trial and applicable discovery deadlines, that Twin City's denial of coverage was unreasonable. Plaintiffs promptly asked Twin City and then the Court for leave to add a claim for bad faith to their complaint. However, by the time the motion was heard, summary judgment had been granted on the coverage issues, so leave to amend was denied without prejudice. In view of the Ninth Circuit's ruling reversing summary judgment on the coverage issues, Plaintiffs are now renewing this motion pursuant to the "without prejudice" disposition.

Plaintiffs' proposed amendments would not prolong litigation of the case, and are not prompted by a wrongful motive. Consequently, Plaintiffs' motion for leave to amend their complaint should be granted. See DCD Programs, 833 F.2d at 187 (reversing denial of leave to amend on basis of bad faith where there was no evidence in the record indicating a wrongful motive).

    B.    There Is No Undue Delay and Twin City Will Not Be Prejudiced

The instant motion has been timely filed under the Court's scheduling order, within just a few months of the remand scheduling conference which re-initiated this case at the district court level. Plaintiffs have not engaged in undue delay in

this case, and Twin City has suffered no prejudice. It is important to understand the sequence and timing of events concerning the proposed amendments.

With regard to the VRG coverage issues (proposed Count 2), said claims were always part of the covered claims tendered to Twin City for coverage, but they were initially asserted (without proper standing) by Yee in the Underlying Lawsuit. It was only after this declaratory relief lawsuit had already been filed, and the court dismissed the VRG claims (as asserted by Yee) in the Underlying Lawsuit that VRG came forward to assert the claims on its own. For these reasons, both Twin City and the Plaintiffs had reason to believe that the VRG issues could be adjudicated on cross motions for summary judgment without any formal amendment of the pleadings. By the time this Court ruled otherwise, the entire case had already been adjudicated by summary judgment. Thereafter, Plaintiffs promptly sought a formal coverage position from Twin City. See Exhibit E. At that time, Plaintiffs were pursuing reconsideration and an appeal to the Ninth Circuit. Given this sequence of events, the first practical and realistic juncture for Plaintiffs to move for permission to amend its pleadings to formally raise the closely related issues pertaining to VRG was following remand.

In any case, the Ninth Circuit has observed that "delay alone does not provide sufficient grounds for denying leave to amend... The crucial factor is not length of delay, but prejudice." Pend Oreille Pub. Util. Dist., 926 F.2d at 1511

(citation omitted); see also DCD Programs, 833 F.2d at 186. This rule applies regardless of the timing of the amendment: "The mere fact that an amendment is offered late in the case is . . . not enough to bar it; amendments may be offered at the trial, or even after reversal and remand." Howey v. United States, 481 F.2d 1187, 1191 n.3 (9th Cir. 1973) (citing Moore's Federal Practice § 15.08). That a party might have moved to amend its pleadings at an earlier time does not, without more, constitute an adequate basis for denying leave to amend. Id. at 1191.

Discovery is in its early stages in this case, and the cutoff is more than 5 months away. By way of comparison, the Ninth Circuit has found that, even where a motion for leave to amend was filed five years after the complaint, such a delay, without more, was insufficient grounds on which to deny the motion:

> The purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy. Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading.

Howey, 481 F.2d at 1190.

Twin City has been on notice since October of 2004 (2½ years ago) that Plaintiffs intended to amend the complaint in this lawsuit to add a bad faith claim. After Twin City refused to stipulate, Plaintiffs moved for leave to amend in early November, 2004. Regarding the VRG coverage issue, Twin City would not be

prejudiced because VRG's claims are substantially similar if not identical to Yee's and arise from the same transactions. Asserting the claims separately in another action would not promote judicial efficiency. The party opposing the amendment of the pleading bears the burden of showing prejudice. DCD Programs, 833 F.2d at 187. Twin City cannot demonstrate any prejudice.

C.   Amending the Complaint Would Not Be Futile.

The Ninth Circuit has held that a motion for leave to amend may be denied where the amendment would be futile. See Gabrielson, 785 F.2d at 766. "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rycroff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (noting that the proper test for legal sufficiency of a proposed amendment is identical to that used to test sufficiency of a pleading challenged under Rule(b)(6). Here, the VRG coverage issues are essentially the same as the existing coverage disputes as to which the Ninth Circuit decision reversed summary judgment and remanded for further proceedings.

Similarly, Plaintiffs' proposed count 3 (breach of the covenant of good faith and fair dealing) states a viable claim. See Bernstein v. Travelers Ins. Co., 447 F. Supp. 2d 1100, 1114 (N.D. Cal. 2006) (an insurer's bad faith is ordinarily a question of fact for the jury). Facts available to Twin City in the Underlying

Lawsuit establish that the coverage positions it took were unreasonable. For example, to defend its denial of coverage, Twin City accused its own insureds of "looting" HGS, and likened them to thieves and robbers. Had Twin City carefully reviewed the facts, including deposition transcripts furnished by the Plaintiffs, it would have realized there was no evidence to support these accusations.

In addition, Twin City unreasonably ignored the undisputed fact that <u>not all</u> of the money sought to be recovered in the underlying litigation was retained by or paid to the Plaintiffs, either in fact or as alleged by Yee and VRG. Thus, Twin City unreasonably determined (or claimed to have determined) that Yee's and VRG's claims were exclusively seeking uninsurable disgorgement as opposed to covered compensatory damages or a combination of the two.

Finally, Twin City failed to fairly and thoroughly investigate all coverage issues. Twin City was obliged to "give at least as much consideration to the interests of its insured as it gives to its own interests," to consider all possible avenues of coverage, and to fully investigate its basis for denying coverage. <u>Jordan v. Allstate Ins. Co.</u>, ___ Cal.Rptr.3d ___; 2007 WL 852632, at *4-5 (Cal. App. Dist. 2). Such duties continue even after litigation ensues between insurer and insured. <u>Id.</u> at *7, n.7 (citing <u>White v. Western Title Ins. Co.</u>, 40 Cal.3d 870, 221 Cal.Rptr. 509 (1985)). And despite Twin City's awareness of the possibility that the Plaintiffs' alleged misconduct "may have been merely negligent or

inadvertent", *and* that it was premature to rely upon Cal. Ins. Code § 533 to deny coverage unless and until a trier of fact determined they had acted deliberately,[3] Twin City nevertheless raised section 533 as a coverage defense after Plaintiffs moved to reconsider summary judgment. In asserting this basis for denying coverage, Twin City relied solely on Yee's unproven allegations and did not conduct any investigation at all. Cf. Shade Foods, Inc. v. Innovative Sales & Marketing, Inc., 78 Cal. App. 4th 847, 915, 93 Cal. Rptr. 2d 364, 412 (2000) (insurer's shifting of grounds for denying coverage during course of litigation can be used as evidence of bad faith and is not barred by statutory judicial privilege).

Accordingly, and in any case, the allegations in the proposed count 3 are sufficient to state a claim for bad faith under California law. Plaintiffs are entitled to have a jury decide whether Twin City breached its duty of good faith and fair dealing in responding to Plaintiffs' efforts to obtain the benefits promised under the subject Twin City insurance policy.

---

[3] See Exhibit F, at p. 7; Exhibit G, at p. 9; and Exhibit H, at pp. 7-8.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that this Court grant Plaintiffs' Motion for Leave to File First Amended Complaint.

DATED: Honolulu, Hawaii, _____APR - 5 2007_____.

_(signature)_

WILLIAM C. McCORRISTON
CHRISTOPHER J. COLE
JONATHAN H. STEINER

Attorneys for Plaintiffs UNIFIED WESTERN GROCERS, INC., CERTIFIED GROCERS OF CALIFORNIA, LTD., and GROCERS SPECIALTY COMPANY