McCORRISTON MILLER MUKAI MacKINNON LLP

WILLIAM C. McCORRISTON  995-0
CHRISTOPHER J. COLE     5781-0
JONATHAN H. STEINER     6084-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Phone No.: (808) 529-7300; Fax No.: (808) 524-8293
E-Mail: Steiner@m4law.com

Attorney for Plaintiffs
UNIFIED WESTERN GROCERS, INC.;
CERTIFIED GROCERS OF CALIFORNIA, LTD.;
GROCERS SPECIALTY COMPANY; ALFRED A.
PLAMANN; CHARLES PILLITER; DANIEL T.
BANE; ROBERT M. LING; and DAVID A. WOODWARD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNIFIED WESTERN GROCERS, INC.; CERTIFIED GROCERS OF CALIFORNIA, LTD.; GROCERS SPECIALTY COMPANY; ALFRED A. PLAMANN; CHARLES PILLITER; DANIEL T. BANE; ROBERT M. LING; and DAVID A. WOODWARD, <br><br> Plaintiffs, <br><br> vs. <br><br> TWIN CITY FIRE INSURANCE COMPANY, an Indiana Corporation, <br><br> Defendant. | CIVIL NO. [————]03-00336 HG BMK (Declaratory Judgment) <br><br> **FIRST AMENDED** COMPLAINT FOR DECLARATORY **AND OTHER** RELIEF; [SUMMONS]**CERTIFICATE OF SERVICE** <br><br> [ |

[51227_1.DOC]158500.1

EXHIBIT " A "

)
]

# **FIRST AMENDED** COMPLAINT FOR DECLARATORY **AND OTHER** RELIEF

Plaintiffs UNIFIED WESTERN GROCERS, INC., CERTIFIED GROCERS OF CALIFORNIA, LTD., GROCERS SPECIALTY COMPANY, ALFRED A. PLAMANN, CHARLES PILLITER, DANIEL T. BANE, ROBERT M. LING and DAVID A. WOODWARD, by and through their attorneys McCorriston Miller Mukai MacKinnon, LLP, allege their **First Amended** Complaint for Declaratory **and Other** Relief against Defendant TWIN CITY FIRE INSURANCE COMPANY as follows:

I.   JURISDICTION

  1. Plaintiff UNIFIED WESTERN GROCERS, INC. (hereinafter sometimes referred to as "UNIFIED"), is a corporation organized and existing under the laws of the State of California with its principal place of business in California, and was formerly organized under the name of Certified Grocers of California, Ltd., a Plaintiff in this action.

  2. At all times material to the allegations in this Complaint, Plaintiff CERTIFIED GROCERS OF CALIFORNIA, LTD. (hereinafter sometimes referred to as "CERTIFIED"), was a corporation organized and existing under the laws of the State of California with its principal place of business in California, which later changed its name to Unified Western Grocers, Inc., a Plaintiff in this action.

3. Plaintiff GROCERS SPECIALTY COMPANY is a corporation organized and existing under the laws of the State of California with its principal place of business in California. It is a subsidiary of Plaintiff UNIFIED WESTERN GROCERS, INC., and prior to UNIFIED's name change, was a subsidiary of Plaintiff CERTIFIED GROCERS OF CALIFORNIA, LTD.

4. Plaintiff ALFRED A. PLAMANN is a citizen of California.

5. Plaintiff CHARLES PILLITER is a citizen of California.

6. Plaintiff DANIEL T. BANE is a citizen of California.

7. Plaintiff ROBERT M. LING is a citizen of California.

8. Plaintiff DAVID A. WOODWARD is a citizen of Texas.

9. On information and belief, Defendant TWIN CITY FIRE INSURANCE COMPANY is a corporation organized and existing under the laws of Indiana with its principal place of business in Indiana.

10. The matter in controversy presented by this action exceeds the sum of $75,000, exclusive of interest and costs.

11. This Court has original diversity subject matter jurisdiction under the provisions of 28 U.S.C. § 1332(a)(1).

II.  **VENUE**

        12. This action seeks a declaration that a Directors and Officers liability insurance policy issued by Defendant TWIN CITY FIRE INSURANCE COMPANY to PLAINTIFF UNIFIED WESTERN GROCERS, INC., provides coverage for claims made against Plaintiffs PLAMANN, PILLITER, BANE, LING and WOODWARD (hereinafter "non-corporate Plaintiffs") in their capacities as officers and directors of one or more UNIFIED subsidiaries.  Said claims have been made by the bankruptcy trustee of Hawaiian Grocery Stores, Ltd.[;] in a civil action **originally** filed by the trustee in Hawaii's First Circuit Court on May 10, 2002, under the caption Mark J.C. Yee, Trustee for the Bankruptcy Estate Of Hawaiian Grocery Stores, Ltd. v. Unified Western Grocers, Inc., et al., Civil No. 02-1-1166-05 (hereinafter "HGS action").  The state suit alleges, in part, that the non-corporate Plaintiffs breached their fiduciary duty as officers or directors of Hawaiian Grocery Stores, Ltd., a Hawaii corporation, so as to proximately cause its irreversible insolvency.

        13. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2), because the District of Hawaii is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

III.  [STATEMENT OF CLAIM]**FACTUAL BACKGROUND AND ALLEGATIONS**

**14. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 13 herein.**

15. [~~14.~~ Defendant TWIN CITY FIRE INSURANCE COMPANY issued a Directors and Officers liability policy to Plaintiff UNIFIED WESTERN GROCERS for claims made during the period February 1, 2001 through February 1, 2003. The policy was issued under the number NDA0105226-01 (hereinafter[ "~~subject policy~~], **the "Policy"**").

16. [~~15.~~ The [~~policy~~]**Policy** provides that Defendant TWIN CITY FIRE INSURANCE will pay Directors and Officers of UNIFIED WESTERN GROCERS and its subsidiaries sums for which the Directors and Officers become legally liable to pay as the result of a claim made against them for conduct undertaken in their corporate capacities either during or before the policy period. The [~~policy~~]**Policy** also provides that TWIN CITY FIRE INSURANCE will pay so-called "Claims Expenses" which are defined to include attorneys' fees incurred in the defense of a claim.

17. [~~16.~~ The subject Policy further provides that Defendant TWIN CITY FIRE INSURANCE will reimburse Plaintiff UNIFIED WESTERN GROCERS for covered losses incurred by the non-corporate Plaintiffs which Plaintiff UNIFIED has indemnified the non-corporate Plaintiffs.

**18.**   [17. The subject Policy has a liability limit of ten million dollars ($10,000,000) in the aggregate for each policy period, including Claims Expenses, subject to UNIFIED WESTERN GROCERS being responsible for an initial retention limit of $250,000 in the aggregate for each claim, including claims expenses.

**19.**   [18. On May 10, 2002, Mark J.C. Yee **("Trustee" or "Yee")**, in his capacity as Trustee for the bankruptcy estate of Hawaiian Grocery Stores, Ltd., filed suit in Hawaii's First Circuit Court against the Plaintiffs to the instant action under the earlier referenced HGS caption. An amended complaint was filed May 17, 2002, in the First Circuit Court. The suit later was removed to the United States Bankruptcy Court for the District of Hawaii, and given the case number Adv. No. 02-00057, under bankruptcy proceeding Case No. 99-05157. A motion to withdraw the reference was thereafter granted and the suit was transferred to this Court where it was given the following case number: Civil No. 02-00668 HG BMK. **On July 2, 2004, the complaint was further amended to the operative pleading, the Third Amended Complaint (hereinafter "HGS complaint").**

**20.**   **The Third Amended Complaint added a plaintiff, Value Recovery Group, L.P. ("VRG"), assignee of the Federal Deposit Insurance Corporation, a Receiver of Southern Pacific Bank, including its division or subsidiary, Coast Business Credit ("Coast"). In addition, VRG had**

**previously filed a separate lawsuit against the Plaintiffs and other parties captioned Value Recovery Group, L.P. v. KPMG, et al., Civ. No. 04-1-0355-02 (GWBC) (First Circuit Court, Hawaii) in state court asserting similar claims. All such claims are collectively referred to herein as the "VRG claims."**

**21.** [~~19.~~ The HGS complaint alleges that in May of 1996, Hawaiian Grocery Stores, Ltd.[~~,~~] was a wholly-owned subsidiary of Plaintiff GROCERS SPECIALTY COMPANY which, in turn, was a wholly-owned subsidiary of Plaintiff CERTIFIED GROCERS OF CALIFORNIA, LTD., and that Plaintiffs PLAMANN, PILLITER, BANE, LING and WOODWARD were officers and directors of both HGS and CERTIFIED GROCERS.[ ~~The HGS complaint alleges~~] ~~that the individual Plaintiffs breached their fiduciary duty to HGS by undertaking actions during this period that proximately injured HGS in the amount of at least $13.5 million, and that proximately caused HGS's irreversible insolvency.~~

## IV. STATEMENT OF CLAIMS

### COUNT 1: DECLARATORY RELIEF AS TO TRUSTEE'S CLAIMS IN HGS ACTION

**22.** **Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 21 herein.**

**23.** **In the HGS complaint, the Trustee alleged** that the individual Plaintiffs breached their fiduciary duty to HGS by undertaking actions during this

<u>period that proximately injured HGS in the amount of at least $13.5 million, and that proximately caused HGS's irreversible insolvency.</u>

**24.** [~~20.~~ The conduct alleged **by the Trustee** in the HGS complaint against the non-corporate Plaintiffs constituted covered conduct under the subject TWIN CITY FIRE [~~policy~~]**Policy**.

**25.** [~~21.~~ Defendant TWIN CITY FIRE INSURANCE COMPANY was timely notified of the Trustee's [~~claim~~]**claims** and requested to provide coverage including reimbursement of incurred defense expenses.

**26.** [~~22.~~ By letter dated November 7, 2002, counsel for Defendant TWIN CITY FIRE INSURANCE COMPANY advised Plaintiffs' counsel that TWIN CITY had determined there was no coverage under the subject Policy for the Trustee's claims against the non-corporate Plaintiffs. TWIN CITY's counsel reiterated its determination of no coverage in letters dated January 7, January 23, and March 11, 2003.

**27.** [~~23.~~ The determination of Defendant TWIN CITY FIRE INSURANCE COMPANY that there is no coverage under the subject Policy for claims presented **by the Trustee** against the non-corporate Plaintiffs in the HGS action, and no corresponding duty to reimburse Plaintiffs for legal expenses incurred in the defense of that suit, is an incorrect determination under the subject

Policy, a breach of Defendant's contractual obligations under the Policy, and otherwise wrong as a matter of law.

28. [24. There is an actual and continuing controversy between Plaintiffs and Defendant as to Plaintiffs' entitlement to coverage under the subject Policy, including the right of Plaintiffs[:] to be reimbursed for the [cost]**loss and costs incurred** to defend [the non-corporate Plaintiffs in]**and settle** the HGS action.

### COUNT 2: DECLARATORY RELIEF AS TO VRG'S CLAIMS

**29.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28 herein.**

**30.  The VRG claims alleged that Coast extended a $10 million line of credit to HGS in reliance on alleged misstatements regarding HGS's finances.**

**31.  The VRG claims also included allegations of fiduciary breach and conflict of interest nearly identical to those asserted by the Trustee.**

**32.  The VRG claims asserted against the non-corporate Plaintiffs constituted covered conduct under the subject TWIN CITY FIRE Policy.**

33.  Defendant TWIN CITY FIRE INSURANCE COMPANY was timely notified of the VRG's claims and requested to provide coverage including reimbursement of incurred defense expenses.

34.  By letter dated January 25, 2005, counsel for Defendant TWIN CITY FIRE INSURANCE COMPANY advised Plaintiffs' counsel that TWIN CITY had determined there was no coverage under the subject Policy for VRG's claims against the non-corporate Plaintiffs.

35.  The determination of Defendant TWIN CITY FIRE INSURANCE COMPANY that there is no coverage under the subject Policy for the VRG claims, and no corresponding duty to reimburse Plaintiffs for legal expenses incurred in the defense of those claims, is an incorrect determination under the subject Policy, a breach of Defendant's contractual obligations under the Policy, and otherwise wrong as a matter of law.

36.  There is an actual and continuing controversy between Plaintiffs and Defendant as to Plaintiffs' entitlement to coverage under the subject Policy, including the right of Plaintiffs to be reimbursed for the loss and costs incurred to defend and settle the VRG claims.

### COUNT 3: BAD FAITH

37.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 36 herein.

**38.** **Defendant's conduct, including but not limited to its positions on coverage, denial of coverage, refusal to fund the cost of defense, failure to thoroughly and fairly investigate all coverage issues, biased conclusions, and ongoing litigation conduct in this coverage litigation, was contrary to law, unreasonable and constitutes a breach of the covenant of good faith and fair dealing owed to Plaintiffs.**

**39.** **Plaintiffs are accordingly entitled to such special, general and punitive damages as are shown at trial.**

WHEREFORE, Plaintiffs pray for relief as follows:

1. For a binding declaration by this Court that Defendant TWIN CITY FIRE INSURANCE COMPANY is obligated under Policy No. NDA0105226-01 to pay and [or ]indemnify Plaintiffs for losses, including defense costs **and indemnity**, arising from **claims by the Trustee and VRG asserted in** Mark J.C. Yee, Trustee for the Bankruptcy Estate Of Hawaiian Grocery Stores, Ltd. v. Unified Western Grocers, Inc., et al, Civil No. 02-00668 HG BMK[.] **and Value Recovery Group, L.P. v. KPMG, et al., Civ. No. 04-1-0355-2 (GWBC) (First Circuit Court, Hawaii).**

**2.** **That Plaintiff be awarded such special, general, and punitive and/or exemplary damages, as are shown at trial, along with appropriate prejudgment interest; and**

**3.** [2̶.̶

**3.** [2̶.̶

For costs, reasonable attorneys' fees, and such other relief as this Court deems just and equitable.

DATED: Honolulu, Hawaii _____.

_____
WILLIAM C. McCORRISTON
CHRISTOPHER J. COLE
JONATHAN H. STEINER

Attorney for Plaintiffs UNIFIED WESTERN GROCERS, INC.; CERTIFIED GROCERS OF CALIFORNIA, LTD.; GROCERS SPECIALTY COMPANY; ALFRED A. PLAMANN; CHARLES PILLITER; DANIEL T. BANE; ROBERT M. LING; AND DAVID A. WOODWARD[McCORRISTON MILLER MUKAI MacKINNON LLP]

[WILLIAM C. McCORRISTON  995-0]
[CHRISTOPHER J. COLE  5781-0]
[JONATHAN H. STEINER  6084-0]
[Five Waterfront Plaza, 4th Floor]
[500 Ala Moana Boulevard]
[Honolulu, Hawaii 96813]
[Phone No.: (808) 529-7300; Fax No.: (808) 524-8293]
[E-Mail: Steiner@m4law.com]

[Attorney for Plaintiffs]
[UNIFIED WESTERN GROCERS, INC.;]
[CERTIFIED GROCERS OF CALIFORNIA, LTD.;]
[GROCERS SPECIALTY COMPANY; ALFRED A.]
[PLAMANN; CHARLES PILLITER; DANIEL T.]
[BANE; ROBERT M. LING; and DAVID A. WOODWARD]

[              IN THE  UNITED STATES DISTRICT COURT]

[                 FOR THE DISTRICT OF HAWAII]

[UNIFIED WESTERN GROCERS,   [      [CIVIL NO. _____]
INC.; CERTIFIED GROCERS OF  )      [(Declaratory Judgment)]

[51227_1.DOC-]
158500.1

14

~~CALIFORNIA, LTD.; GROCERS SPECIALTY COMPANY; ALFRED A. PLAMANN; CHARLES PILLITER; DANIEL T. BANE; ROBERT M. LING; and DAVID A. WOODWARD,~~ )

~~Plaintiffs,~~

~~vs.~~

~~TWIN CITY FIRE INSURANCE COMPANY, an Indiana Corporation,~~

~~Defendant.~~

[SUMMONS]



)
)
)
)
)
]

### [][SUMMONS]

[TO:         TWIN CITY FIRE INSURANCE COMPANY]
[            Defendant]

[            To the above-named Defendant:]

[            YOU ARE HEREBY SUMMONED and required to serve upon McCorriston Miller Mukai MacKinnon LLP, plaintiffs' attorneys, whose address is Five Waterfront Plaza, 4th Floor, 500 Ala Moana Boulevard, Honolulu, Hawaii 96813, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.]

[            This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m., on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.]

[            A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.]

[            DATED: Honolulu, Hawaii,

~~==================================================~~.]

_____
[~~————————————~~CLERK OF THE ABOVE-ENTITLED COURT]