## SECRETARY'S CERTIFICATE

The undersigned hereby certifies that:

1.    I am the duly elected and acting Secretary of Hawaiian Grocery Stores, Limited, a Hawaii corporation ("Corporation").

2.    The persons named below are the current duly elected and qualified officers of this Corporation, each holding the offices set forth opposite his name below:

| | |
|---|---|
| President | Charles Pilliter |
| Senior Vice President and Chief Financial Officer | Daniel T. Bane |
| Secretary | Robert M. Ling, Jr. |
| Treasurer and Assistant Secretary | David A. Woodward |

3.    The resolutions attached hereto as Exhibits A, B and C represent a full, true and complete copy of the resolutions (without exhibits) duly adopted by the Board of Directors of this Corporation on May 14, 1996, and by the sole shareholder on May 13, 1996, and on May 14, 1996; that such resolutions are still in full force and effect and have not been modified, amended or rescinded; and that such resolutions are not in conflict with the Articles of Incorporation or Bylaws of this Corporation.

4.    Set forth below are true and correct signatures:

_____
Daniel T. Bane

_____
Robert M. Ling, Jr.

_____
David A. Woodward

IN WITNESS WHEREOF, the undersigned has executed this Secretary's Certificate on _May 28_, 1996.

_____
Robert M. Ling, Jr.

3\B\Z0063L01.LB3          EXHIBIT   1

*Exhibit A*

WRITTEN CONSENT OF

DIRECTORS

OF

HAWAIIAN GROCERY STORES, LIMITED


The undersigned, being all of the directors of HAWAIIAN GROCERY STORES, LIMITED, a Hawaii corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent without a meeting pursuant to Section 415-44 of the Hawaii Revised Statutes and the Bylaws of the Corporation which authorize the directors so to act:


1.  Election of Officers

    RESOLVED, that the following persons are hereby elected to the office(s) of the Corporation set forth before their names, to serve at the pleasure of the Board or until their resignation, removal, or replacement:

    | | | |
    |---|---|---|
    | Chairman of the Board | - | Alfred A. Plamann |
    | President | - | Charles Pilliter |
    | Senior Vice President and Chief Financial Officer | - | Daniel T. Bane |
    | Secretary | - | Robert M. Ling, Jr. |
    | Treasurer and Assistant Secretary | - | David A. Woodward |

2.  *Officer Actions*

    RESOLVED, that the directors hereby ratify and approve all actions taken in good faith since January 16, 1990, by the officers of the Corporation on behalf of the Corporation prior to the date hereof.

3.  Amendment of Articles of Incorporation

    RESOLVED, that Article III (entitled "CAPITAL STOCK") of the Articles of Incorporation of the Corporation is hereby proposed to be amended in its entirety to read as set forth on the attached Exhibit A which is incorporated herein by this reference (the "Amendment"), and it is hereby directed that the Amendment be submitted for approval by the sole shareholder of the Corporation at a special meeting or by written consent.

-1-

RESOLVED FURTHER, that any two of the officers of the Corporation be, and hereby are, authorized, empowered and directed to execute, deliver and consummate, in the name of and on behalf of the Corporation, the applicable documents to effect the Amendment, including the Articles of Amendment as required by the laws of the State of Hawaii, and to file such documents, including such Articles of Amendment, with the Hawaii Department of Commerce and Consumer Affairs (the "DCCA") or other applicable governmental agency.

RESOLVED FURTHER, that each and any one of the officers of the Corporation be, and hereby is, authorized, empowered and directed to execute, deliver and consummate all documents and take all action as may be necessary or advisable in order to carry out the purposes of the above resolutions.

4.    Approval of Agreements

RESOLVED, that subject to the approval of the sole shareholder of the Corporation, the Corporation is hereby authorized to enter into the following agreements:

a.    Promissory Note for $5,300,000 payable by the Corporation to Grocers Specialty Company, a California corporation (the "Promissory Note"), in the form of the attached Exhibit B which is incorporated herein by this reference.

b.    Security Agreement between the Corporation and Grocers Specialty Company, a California corporation (the "Security Agreement"), in the form of the attached Exhibit C which is incorporated herein by this reference.

c.    Rights Agreement among the Corporation, RHL Management Group, Inc., and Grocers Specialty Company (the "Rights Agreement"), in the form of the attached Exhibit D which is incorporated herein by this reference.

d.    Supply Agreement between the Corporation and Certified Grocers of California, Ltd. (the "Supply Agreement"), in the form of the attached Exhibit E which is incorporated herein by this reference.

e.    Warrant Agreement between the Corporation and Grocers Specialty Company (the "Warrant Agreement"), in the form of the attached Exhibit

F which is incorporated herein by this reference, and the related warrant attached as an exhibit thereto (the "Warrant").

    f.    Sublease (the "Sublease") between the Corporation (as Subtenant) and Grocers Specialty Company (as Sublandlord) whereby the Corporation subleases that certain real property which the Corporation occupies at 2911 and 2915 Kaihikapu Street, Honolulu, Oahu, Hawaii, in the form of the attached Exhibit G which is incorporated herein by this reference.

RESOLVED FURTHER, that each and any one of the officers of the Corporation be, and hereby is, authorized, empowered and directed to execute, deliver and consummate, in the name of and on behalf of the Corporation, each of the Promissory Note, Security Agreement, Rights Agreement, Supply Agreement, Warrant Agreement (and the related Warrant), Sublease, and any applicable amending or confirming documents with the Corporation's lenders, and all ancillary documents associated therewith (including but not limited to signing and filing applicable UCC Financing Statements), with such changes therein as such officers executing the same shall approve (such approval to be conclusively evidenced by such officer's execution thereof).

RESOLVED FURTHER, that each and any one of the officers of the Corporation be, and hereby is, authorized, empowered and directed to execute deliver and consummate all documents and take all action as may be necessary or advisable in order to carry out the purposes of the above resolutions.

5.    Stock Dividend (of Preferred Stock)

WHEREAS, the sole shareholder of the Corporation is Grocers Specialty Company, a California corporation ("GSC"), which owns all 10,000 shares of outstanding common stock; and

WHEREAS, the Board of Directors of the Corporation has approved this day the proposed Amendment whereby Article III of the Articles of Incorporation of the Corporation shall be amended in its entirety to, among other things, create a class of 1,000 shares of preferred stock with various rights, preferences, privileges and restrictions (the "Preferred Stock"); and

WHEREAS, upon approval of the Amendment by the sole shareholder of the Corporation and the completion of

-3-

the necessary filing with the DCCA to effect the
Amendment, the Corporation desires to issue the
Preferred Stock to GSC as a stock dividend;

NOW, THEREFORE, BE IT HEREBY RESOLVED, that effective
automatically upon the effective date of the filing
of the Articles of Amendment with the DCCA as
required to effect the Amendment and in accordance
with Hawaii law, the Board of Directors of the
Corporation hereby declares a stock dividend and the
Corporation is hereby authorized to issue, and shall
issue, to GSC a stock dividend (on the Corporation's
outstanding common stock) of all 1,000 shares of
Preferred Stock (at the rate of 1 share of Preferred
Stock for each 10 shares of then outstanding common
stock).

RESOLVED FURTHER, that each and any one of the
officers of the Corporation be, and hereby is,
authorized, empowered and directed to execute,
deliver and consummate, in the name of and on behalf
of the Corporation, such documents as are necessary
in order to effect such stock dividend, including the
issuance of stock certificates to GSC representing    -
such 1,000 shares.

RESOLVED FURTHER, that the form of stock certificate
for the Preferred Stock attached hereto as Exhibit I
(and incorporated herein by this reference) is hereby
adopted and approved.

RESOLVED FURTHER, that each and any one of the
officers of the Corporation be, and hereby is,
authorized, empowered and directed to execute,
deliver and consummate all documents and take all
action as may be necessary or advisable in order to
carry out the purposes of the above resolutions.

6.    Stock Dividend (Warrant)

RESOLVED, that on the first day following the
issuance to GSC of the stock dividend of Preferred
Stock as set forth in Paragraph 5 above, the Board of
Directors of the Corporation hereby declares a stock
dividend and the Corporation is hereby authorized to
issue to GSC a stock dividend (on the Corporation's
outstanding common stock) of the Warrant Agreement
and its related Warrant.

RESOLVED FURTHER, that the Corporation is hereby
directed to at all times observe the terms of the
Warrant Agreement and of the Warrant, including
without limitation (a) reserving an adequate number
of the Corporation's authorized but unissued shares

-4-

of common stock for issuance upon exercise of the
Warrant, which reserved number shall initially be
2,500 shares, and (b) issuing the shares of common
stock required to be issued upon exercise of the
Warrant.

RESOLVED FURTHER, that the consideration received or
to be received by the Corporation for the shares of
common stock of the Corporation to be issued upon
exercise of the Warrant, as set forth in the Warrant
Agreement, is hereby determined to be adequate.

RESOLVED FURTHER, that each and any one of the
officers of the Corporation be, and hereby is,
authorized, empowered and directed to execute and
deliver all documents and consummate all documents
and take all actions as may be necessary or advisable
in order to carry out the purposes of the above
resolutions.

7.    UCC Financing Statements (Congress)

WHEREAS, Grocers Specialty Company, the sole
shareholder of the Corporation, is proposing to sell
all of the outstanding common stock (the "sale-of-
stock transaction") of the Corporation to RHL
Management Group, Inc. ("RHL"); and

WHEREAS, RHL proposes to obtain financing for such
sale-of-stock transaction from Congress Financial
Corporation (Western) ("Congress"), which such
financing will provide that Congress take a security
interest in the assets of the Corporation at the
closing of such sale-of-stock transaction; and

WHEREAS, Congress desires to file UCC Financing
Statements covering the Corporation's assets and the
assets of the Corporation's subsidiary, Kauai
Tobacco, Inc. ("KTI"), prior to the closing of such
sale-of-stock transaction;

NOW, THEREFORE, BE IT HEREBY RESOLVED, that the
Corporation is hereby authorized to enter into, and
to authorize KTI to enter into, the UCC Financing
Statements from Congress prior to the closing of the
sale-of-stock transaction, in each case subject to
appropriate safeguards to insure termination of such
UCC Financing Statements by Congress should the
proposed sale-of-stock transaction not be
consummated.

RESOLVED FURTHER, that each and any one of the
officers of the Corporation be, and hereby is,
authorized, empowered and directed to execute,

deliver and consummate all documents and take all
action as may be necessary or advisable in order to
carry out the purposes of the above resolutions.

8.    <u>New Officer</u>

RESOLVED, that effective automatically upon the
closing of the transaction whereby Grocers Specialty
Company, the current sole shareholder of the
Corporation, sells all of the outstanding common
stock of the Corporation to RHL Management Group,
Inc. ("RHL"), each of Alfred A. Plamann, Charles
Pilliter, Daniel T. Bane, Robert M. Ling, Jr., and
David A. Woodward are removed without cause as
officers of the Corporation, and at such time Richard
H. Loeffler is hereby elected as the President of the
Corporation, to serve at the pleasure of the Board or
until his resignation, removal, or replacement.

RESOLVED FURTHER, that Richard H. Loeffler, as
President of the Corporation, is hereby authorized,
empowered, and directed to execute, deliver and
consummate, in the name of and on behalf of the
Corporation, each of the Promissory Note, Security   -
Agreement (including but not limited to signing and
filing applicable UCC Financing Statements), Rights
Agreement, Supply Agreement, Sublease, and any
applicable financing documents with RHL's or the
Corporation's lenders, and all ancillary documents
associated therewith.

RESOLVED FURTHER, that Richard H. Loeffler, as
President of the Corporation, is hereby authorized,
empowered and directed to execute, deliver and
consummate all documents and take all action as may
be necessary or advisable in order to carry out the
purposes of the above resolutions.

The resolutions adopted by this Written Consent shall
be as validly adopted as if adopted at a duly-noticed meeting

of the Board of Directors of the Corporation. The Secretary is instructed to place this *Written Consent* in the minute *book of* the Corporation. This *Written Consent* may be executed in counterparts.

Dated: May 13, 1996.

_____
Alfred A. Plamann

_____
Charles Pilliter

_____
Daniel T. Bane

_____
David A. Woodward

_____
Paula Ann K. Lyman

3\B\2006399U.LB3                    ‑7‑

## SECRETARY'S CERTIFICATE

The undersigned hereby certifies that:

1.    I am the duly elected and acting Secretary of Grocers Specialty Company, a California corporation ("Corporation").

2.    The persons named below are the current duly elected and qualified officers of this Corporation, each holding the offices set forth opposite his name below:

| | |
|---|---|
| President | Ted Gardner |
| Vice President and Chief Financial Officer | Daniel T. Bane |
| Secretary/Treasurer | David A. Woodward |

3.    The resolutions attached hereto as *Exhibit A* represent a full, true and complete copy of the resolutions (without exhibits) duly adopted by the Board of Directors of this Corporation on May 14, 1996; that such resolutions are still in full force and effect and have not been modified, amended or rescinded; and that such resolutions are not in conflict with the Articles of Incorporation or Bylaws of this Corporation.

4.    Set forth below are true and correct signatures:

_____
Daniel T. Bane

_____
David A. Woodward

IN WITNESS WHEREOF, the undersigned has executed this Secretary's Certificate on _May 28_, 1996.

_____
David A. Woodward

**EXHIBIT  2**

3\8\20063M01.LB3

*Exhibit A*

1.   <u>Sale of Common Stock of HGS</u>

WHEREAS, the Corporation owns all 10,000 shares of Common Stock of Hawaiian Grocery Stores, Limited, a Hawaii corporation ("HGS"); and

WHEREAS, the Corporation proposes to sell all 10,000 shares of Common Stock of HGS (the "Transaction") to RHL Management Group, Inc., a Delaware corporation ("RHL"); and

WHEREAS, the terms and conditions of the proposed Transaction have been explained to the directors; and

WHEREAS, prior to the closing of the Transaction, the Corporation anticipates receiving from HGS two stock dividends, consisting first of 1,000 shares of HGS preferred stock, and thereafter consisting of a warrant to purchase 20% of the Common Stock of HGS;

NOW, THEREFORE, BE IT HEREBY RESOLVED, that the Corporation is hereby authorized to sell the 10,000 shares of Common Stock of HGS to RHL pursuant to the Transaction.

RESOLVED, that as part of the Transaction, the Corporation is hereby authorized to sublease to HGS the real property which HGS occupies at 2911 and 2915 Kaihikapu Street, Honolulu, Oahu, Hawaii.

RESOLVED FURTHER, that each of the officers of the Corporation (including but not limited to George D. Gardner, Daniel T. Bane, and David A. Woodward) be, and hereby is, authorized, empowered and directed to execute, deliver and consummate, in the name of and on behalf of the Corporation, each of the applicable documents necessary to effect the Transaction, including but not limited to the Stock Purchase Agreement, the Rights Agreement, the Warrant Agreement, the Sublease, the Security Agreement, the Subordination Agreement, and any applicable amending or confirming documents with the Corporation's lenders, and all ancillary documents associated therewith, with such changes therein as such officers executing the same shall approve (such approval to be conclusively evidenced by such officer's execution thereof).

-1-

RESOLVED FURTHER, that each of the officers of the Corporation be, and hereby is, authorized, empowered and directed to execute, in the name of and on behalf of the Corporation, as the sole shareholder of HGS, all applicable documents in order to effect the Transaction, including one or more written consents of shareholders of HGS concerning, among other things, (a) the removal without cause of all existing HGS directors, (b) the appointment of five new directors for HGS, consisting of Alfred A. Plamann, Charles Pilliter, Daniel T. Bane, David A. Woodward, and Paula Ann K. Lyman (a resident of Hawaii), (c) approval of prior director and officer actions, (d) amendment of Article III of the HGS Articles of Incorporation to provide for, among other things, the 1,000 shares of preferred stock, (e) approving the various agreements related to or concerning the Transaction, and (f) approving the filing of certain UCC Financing Statements against HGS and its subsidiary, Kauai Tobacco Inc., by the lender to RHL.

RESOLVED FURTHER, that each of the officers of the Corporation be, and hereby is, authorized, empowered and directed to execute, deliver and consummate all documents and take all action as may be necessary or advisable in order to carry out the purposes of the above resolutions.

## SECRETARY'S CERTIFICATE

The undersigned hereby certifies that:

      1.   I am the duly elected and acting Secretary of RHL Management Group, Inc., a Delaware corporation ("Corporation").

      2.   The persons named below are the current duly elected and qualified officers of this Corporation, each holding the offices set forth opposite his or her name below:

| | |
|---|---|
| President | Richard H. Loeffler |
| Secretary | Richard H. Loeffler |
| Treasurer | Richard H. Loeffler |

      3.   The resolutions attached hereto as Exhibit A represent a full, true and complete copy of the resolutions duly adopted by the Board of Directors of this Corporation on _May 23_, 1996; that such resolutions are still in full force and effect and have not been modified, amended or rescinded; and that such resolutions are not in conflict with the Certificate of Incorporation or Bylaws of this Corporation.

      4.   Set forth below is a true and correct signature of Richard H. Loeffler:

_____

      IN WITNESS WHEREOF, the undersigned has executed this Certificate of Secretary on _May 28_, 1996.

_____
      Richard H. Loeffler

-1-

*Exhibit A*

<u>ACQUISITION OF SHARES OF HAWAIIAN GROCERY STORES, LTD.:</u>
The Chairman stated that the next order of business was a discussion of the Corporations' acquisition from Grocers Specialty Company ("GSC"), a California corporation, of one hundred percent (100%) of the issued and outstanding common shares of that going business known as HAWAIIAN GROCERY STORES, LIMITED ("HGS"), a Hawaiian corporation, and HGS' wholly owned subsidiary KAUAI TOBACCO COMPANY ("KTC"), a Hawaiian corporation. The Chairman stated that the business of HGS is that of wholesale food distribution and that HGS is the second largest wholesale food distributor in Hawaii.

The Chairman stated that extreme due diligence had been conducted with regard to the financial viability of HGS and the immediate and future benefits which the Corporation would derive from the acquisition of HGS. The Chairman then presented for review various financial and contractual documentation pertaining to HGS' operating history for the five (5) year period immediately preceding this meeting. The Chairman then discussed the issue of HGS complying with and enhancing the long term operating and acquisition strategy of the Corporation.

The Chairman then discussed and presented for review, the documentation necessary for the acquisition by the Corporation of HGS from GSC, including: Stock Purchase Agreement; Warrant Agreement; Supply Agreement; Rights Agreement; Security Agreement; Articles Of Amendment To Issue Preferred Shares; and Promissory Note.

The Chairman then discussed the issue that financing was available from CONGRESS FINANCIAL CORPORATION ("Congress") for the purpose of the Corporation financing the acquisition of HGS. The Chairman then discussed and presented for review, the documentation necessary for obtaining the financing from Congress, including:

Multiple Continuing Guaranty and Waivers; Certificate Of Chief Financial Officer; Disbursement Instructions; Secretary's Certificate Of Directors Resolutions and Incumbency and Shareholder's Consent For Borrower; Secretary's Certificate Of Directors Resolutions and Incumbency and Shareholder's Consent For Guarantor; Multiple Subordination Agreements; Multiple Landlord/Mortgagee Waivers; Multiple UCC-1 Financing Statements; and Loan and Security Agreement;

WHEREAS, the Board has reviewed the information and documentation presented for review by the Chairman as to the acquisition and financing of the Corporation's acquisition of one hundred percent (100%) of the issued and outstanding common shares of Hawaiian Grocery Stores, Limited and it's wholly owned subsidiary, Kauai Tobacco Company. On motion duly made, seconded and unanimously carried, the following resolutions were passed;

RESOLVED, that the officers of the Corporation are hereby authorized and directed to take all actions necessary for the purpose of the Corporation acquiring one hundred percent (100%) of the issued and outstanding common shares of Hawaiian Grocery Stores, Limited and it's wholly owned subsidiary, Kauai Tobacco Company;

RESOLVED FURTHER, that the officers of the Corporation are hereby authorized and directed to review, approve, ratify and execute, in favor of Grocers Specialty Company and Congress Financial Corporation or their respective agents and desginees, all documentation necessary for the purpose of the Corporation financing and acquiring one hundred percent (100%) of the issued and outstanding common shares of Hawaiian Grocery Stores, Limited and it's wholly owned subsidiary, Kauai Tobacco Company;

RESOLVED FURTHER, that the actions of the officers of the Corporation throughout the negotiations for the financing and acquisition of Hawaiian Grocery Stores Limited are hereby ratified and adopted as those actions of the Corporation.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re: HAWAIIAN GROCERY STORES, LTD., a Hawaii corporation,<br><br>                        Debtor. | ) CIVIL NO.  02-00668 BMK<br>)<br>) Bankruptcy Case No.  99-05157<br>) (Chapter 7)<br>) |
| MARK J.C. YEE,<br>Trustee for the Bankruptcy<br>Estate of Hawaiian Grocery Stores,<br>Ltd., and VALUE RECOVERY<br>GROUP, L.P., AS ASSIGNEE OF<br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, RECIEVER OF<br>SOUTHERN PACIFIC BANK<br><br>                    Plaintiff,<br><br>     vs.<br>UNIFIED WESTERN GROCERS,<br>INC., CERTIFIED GROCERS OF<br>CALIFIORNIA, LTD., GROCERS<br>SPECIALTY COMPANY, RHL,<br>INC., ALFRED A. PLAMANN,<br>CHARLES PILLITER, DANIEL T.<br>BANE, ROBERT M. LING, DAVID<br>A. WOODWARD; RICHARD H.<br>LOEFFLER, FLETCHER ROBBE,<br>GOODSILL ANDERSON QUINN<br>AND STIFEL*, SHEPPARD<br>MULLIN RICHTER & HAMPTON,<br>BRUCE BARBER, DOES 1-10,<br><br>                  Defendants. | ) Adv. Pro. No. 01-00057<br>)<br>)<br>)<br>) SUMMONS TO ANSWER THIRD<br>) AMENDED COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

* The claims against Goodsill have been dismissed.

## SUMMONS TO ANSWER THIRD AMENDED COMPLAINT

TO DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to serve on Plaintiffs attorney, R. Patrick Jaress, Esq., 737 Bishop Street, Suite 2920, Honolulu, Hawaii 96813, an answer to the Third Amended Complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Third Amended Complaint. Any Answer that you serve on the parties to this action must be filed with the Clerk for this Court within a reasonable period of time after service.

DATED: Honolulu, Hawaii, _____ JUL 0 1 2004 _____, 2004.

WALTER A.Y.H. CHINN

_____
CLERK OF THE ABOVE-ENTITLED COURT

S/ELLAREN PANG-SUE

Deputy Clerk, United States
District Court, District of Hawaii

SEAL

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re: HAWAIIAN GROCERY STORES, LTD., a Hawaii corporation, | ) CIVIL NO. 02-00668 HG BMK<br>)<br>) Bankruptcy Case No. 99-05157<br>) (Chapter 7)<br>) |
| Debtor. | ) |
| MARK J.C. YEE,<br>Trustee for the Bankruptcy<br>Estate of Hawaiian Grocery Stores,<br>Ltd., | )<br>)<br>)<br>)<br>)<br>) CERTIFICATE OF SERVICE |
| Plaintiff,<br>vs. | )<br>)<br>) |
| UNIFIED WESTERN GROCERS,<br>INC., et. al. | )<br>)<br>) |
| Defendants. | )<br>) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date of filing, a copy of the foregoing document was served upon the following via facsimile and/or hand delivery:

JOHN D. ZALEWSKI, ESQ.
PRICE OKAMOTO HIMENO & LUM
707 Richards Street, Suite 728
Honolulu, HI 96813

Attorney for Defendant KPMG

WILLIAM C. McCORRISTON, ESQ.
JONATHAN H. STEINER, ESQ.
McCORRISTON MILLER MUKAI MacKINNON
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, HI 96813

Attorneys for Defendants
UNIFIED WESTERN GROCERS, INC.,
CERTIFIED WESTERN GROCERS OF CALIFORNIA, LTD.
(nka UNIFIED WESTERN GROCERS, INC.),
GROCERS SPECIALTY COMPANY,
ALFRED A. PLAMANN, CHARLES PILLITER,
DANIEL T. BANE, ROBERT M. LING,
And DAVID A. WOODWARD

WILLIAM A. BORDNER
BURKE SAKAI McPHEETERS BORDNER AND ESTES
737 Bishop Street, Suite 3100
Honolulu, Hawaii 96813

Attorney for Defendant
SHEPPARD MULLIN RICHTER & HAMPTON LLP

FLETCHER ROBBE
2501 Cherry Ave., Suite 260
Signal Hill, CA 90755

BRUCE BARBER
1635 Kilwinning Court
Palm Harbor, FL 34864

DATED: Honolulu, Hawaii, _____ June 21 _____, 2004

_____
R. PATRICK JARESS
Attorney for Plaintiff
Mark J.C. Yee, Trustee
for the Bankruptcy Estate
of Hawaiian Grocery Stores, Ltd.

2