# TUCKER ELLIS & WEST LLP
## ATTORNEYS AT LAW

1000 Wilshire Boulevard  Suite 1800  Los Angeles, California  90017-2475
phone 213.430.3400 facsimile 213.430.3409 tuckerellis.com

CLEVELAND   LOS ANGELES   SAN FRANCISCO

Direct Dial: 415.617.2224
Email: Kim.West@tuckerellis.com

January 25, 2005

**VIA FACSIMILE**

Christopher J. Cole, Esq.
**McCorriston Miller Mukai MacKinnon LLP**
5 Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii  96813

Re:  Insureds:     Directors and Officers of Unified Western Grocers, Inc.
     Policy Type:  Directors & Officers Liability
     Policy No.:   NDA0105226-01
     Claim No.:    02-287-634
     Claimant:     Mark J.C. Yee
     Our File No:  51042/24856

Dear Chris:

The purpose of this letter is to respond to your correspondence dated January 11, 2005, in which you requested Twin City's coverage position with respect to lawsuit entitled, *Value Recovery Group L.P. v. KPMG, et al.*, Circuit Court of the First Circuit, State of Hawaii, Civil No. 01-1-0355-02 (the "Value Recovery Lawsuit"), which was tendered under Twin City's Director, Officers and Company Liability Policy No. NDA0105226-01 (the "Policy") on behalf of Unified Western Grocers by letter dated June 23, 2004, from Christopher Cole of McCorriston, Miller, Mukai, MacKinnon LLP.

I)  **The Value Recovery Lawsuit**

The complaint in the Value Recovery Lawsuit was filed by Value Recovery Group L.P. ("VRG") on or about February 24, 2004.

As we previously advised in our e-mail dated July 6, 2004, the Value Recovery Lawsuit appears to have originated in the context of the complaints filed by bankruptcy trustee Mark Yee

51042/24856/137916/4


EXHIBIT "F"

**TUCKER ELLIS & WEST LLP**
ATTORNEYS AT LAW

Christopher J. Cole, Esq
McCorriston Miller Mukai MacKinnon LLP
Re: *Unified Western Grocers, Inc.*
January 25, 2005
Page 2

in the lawsuits entitled, *Mark J.C. Yee v. Unified Western Grocers*, United States District Court, District of Hawaii, Civil No. 02-00668 HG BMK (the "Individual Action") and *Mark J.C. Yee v. Unified Western Grocers*, United States District Court, District of Hawaii, Civil No. 02-00164 HG BMK (the "Entity Action"), in which Yee attempted to bring certain claims on behalf of the creditors of HGS, namely, Coast Business Credit (of which Value Recovery Group is the assignee in interest). Specifically, Yee alleged that the defendants entered into a conspiracy to borrow money from Coast Business Credit ("Coast") on behalf of HGS, with the intention to improperly funnel that money to Unified Western Grocers.

On September 30, 2003, the Court granted Unified Western Grocers' Motion to Dismiss Counts 2, 3 and 4 of the Third Amended Complaint in the Entity Action, holding, among other things, that: "Trustee is prohibited from pursuing a claim, via an assignment or otherwise, on behalf of a creditor." *September 30, 2003 Order*, p. 8.

It appears that the Value Recovery Lawsuit was then filed on February 24, 2004, in response to Judge Gillmor's September 30, 2003 ruling in the Entity Action, in which Judge Gillmor held that Yee was not permitted to advance claims on behalf of VRG.

On March 23, 2004, one month after VRG filed its complaint in the Value Recovery Lawsuit, the bankruptcy trustee Mark Yee filed a Motion to File Amended Complaint in the Entity and Individual Actions. Specifically, the amended complaints, which were attached as exhibits to Yee's motions, added VRG as a plaintiff. In his Motion for Leave To Amend in the Individual Action, Yee alleged as follows:

> Judge Gillmor has since ruled that the Bankruptcy Trustee lacks standing to assert assigned claims. Exhibit B. Thus, it is appropriate that Value Recovery assert the claims itself.

*Memorandum in Support of Motion for Leave to Amend*, p. 2.

After two hearings before the Court on May 17 and May 28, 2004, the Court issued an Order on July 2, 2004, granting Yee's Motion for Leave to Amend. In its Order, the Court in the Entity and Individual Actions held the following:

> Plaintiff's Motion to Amend Complaint filed March 23, 2004, as amended, came on for hearing on May 17, 2004 … The Court directed that Plaintiff Yee revise the proposed amended pleading in an effort to comply with concerns expressed by the Court and by Defendants. This matter came on for further hearing on May 28, 2004 … The Court instructed Plaintiff to revise the pleading

51042/24856/137916/4



TUCKER ELLIS & WEST LLP
ATTORNEYS AT LAW

Christopher J. Cole, Esq
McCorriston Miller Mukai MacKinnon LLP
*Re: Unified Western Grocers, Inc.*
January 25, 2005
Page 3

> further to separate counts for Yee and Value Recovery Group to the extent there were any differences in the claims. Having considered the arguments and memorandum of the parties, and good cause appearing,
>
> IT IS HEREBY ORDERED that Plaintiff's motion, as amended, be granted and that Plaintiff may file an amended pleading, revised to reflect the concerns expressed by the Court at the hearings on May 17 and 28, 2004.
>
> It is further ordered that the depositions taken in this action shall count as depositions in Value Recovery Group, LP v. KPMG, et al., Civil No. 01-1-0355-029 (GWBC).

*July 2, 2004 Order*, p.2.

As a result of the Court's July 2, 2004 Order, VRG is currently a plaintiff in the Entity Action, the Individual Action and the Value Recovery Lawsuit.

It is Twin City's understanding that the Third Amended Complaint in the Individual Action and the Fourth Amended Complaint in the Entity Action were both filed on July 1, 2004. The new complaints have added VRG as a plaintiff to the Individual and Entity Actions.

### II) The Individual Action

As stated above, the Third Amended Complaint in the Individual Action was filed on or about July 1, 2004. While the Court instructed Yee to revise the pleading further to separate counts for Yee and VRG to the extent there were any differences in the claims, it appears that a large majority of the claims have merely doubled, so that they are structured as separate claims by Yee and VRG. There are currently 19 causes of action in the Third Amended Complaint, which can be illustrated as follows:



# TUCKER ELLIS & WEST LLP
### ATTORNEYS AT LAW

Christopher J. Cole, Esq
McCorriston Miller Mukai MacKinnon LLP
Re: *Unified Western Grocers, Inc.*
January 25, 2005
Page 4

| | |
|---|---|
| **VALUE RECOVERY GROUP CLAIMS** | <u>Count 1</u>: Against Unified Western Grocers, Certified Grocers, Grocers Specialty, RHL, Plamann, Pilliter, Bane, Ling, Woodward, Loeffler, Barber and Fletcher Robbe for breach of fiduciary duties. |
| | <u>Count 3</u>: Against Grocers Specialty and Certified Grocers for breach of duty. |
| | <u>Count 6</u>: Against Fletcher Robbe, Loeffler, and RHL, Inc. |
| | <u>Count 8</u>: Against Fletcher Robbe for breach of fiduciary duty. |
| | <u>Count 10</u>: Against Certified Grocers, Unified Western Grocers and Grocers Specialty. |
| | <u>Count 12</u>: Against Barber for submitting false financial statements and failure to file tax forms on behalf of HGS. |
| | <u>Count 14</u>: Against Sheppard Mullin. |
| | <u>Count 16</u>: Against all defendants for aiding and abetting. |
| | <u>Count 18</u>: Against all defendants for unpaid principal balance of $2,346,270.00. |
| **MARK YEE CLAIMS** | <u>Count 2</u>: Against Unified Western Grocers, Certified Grocers, Grocers Specialty, RHL, Plamann, Pilliter, Bane, Ling, Woodward, Loeffler, Barber and Fletcher Robbe for breach of fiduciary duties. |
| | <u>Count 4</u>: Against Grocers Specialty and Certified Grocers For Breach of Duty. |
| | <u>Count 5</u>: Breach of Fiduciary Duties by Goodsill. |
| | <u>Count 7</u>: Against Fletcher Robbe, Loeffler, and RHL. |
| | <u>Count 9</u>: Against Fletcher Robbe for breach of fiduciary duty. |
| | <u>Count 11</u>: Against Certified Grocers, Unified Western Grocers and Grocers Specialty. |
| | <u>Count 13</u>: Against Barber for submitting false financial statements and failure to file tax forms on behalf of HGS. |
| | <u>Count 15</u>: Against Sheppard Mullin |
| | <u>Count 17</u>: Against all defendants for aiding and abetting. |
| | <u>Count 19</u>: Against all defendants for conspiracy. |

**TUCKER ELLIS & WEST LLP**
ATTORNEYS AT LAW

Christopher J. Cole, Esq
McCorriston Miller Mukai MacKinnon LLP
Re: *Unified Western Grocers, Inc.*
January 25, 2005
Page 5

### III) Policy

Subject to its terms and conditions, the Policy provides primary coverage to the directors and officers of United Western Grocers for the period February 1, 2001, to February 1, 2003. The Policy contains a $10,000,000 limit of liability excess of a $250,000 retention under Insuring Agreement "B."

Pursuant to Insuring Agreement "A," the Policy provides coverage for Loss which the Directors and Officers shall become legally obligated to pay as a result of a Claim first made against them during the Policy Period or Discovery Period for a Wrongful Act which takes place during or prior to the Policy Period.

Insuring Agreement "A" provides, however, that there is no coverage under Insuring Agreement "A" for Loss which Twin City pays pursuant to Insuring Agreement "B." In this regard, Insuring Agreement "B" provides that Twin City will pay on behalf of the Company Loss for which the Company has, to the extent permitted or required by law, indemnified the Directors and Officers, and which the Directors and Officers have become legally obligated to pay as a result of a Claim first made during the Policy Period or Discovery Period, if applicable, against the Directors and Officers for a Wrongful Act which takes place during or prior to the Policy Period.

Under either Insuring Agreement "A" or Insuring Agreement "B," a prerequisite for coverage under the Policy is a Claim against a Director or Officer of the Company. There is no coverage under the Policy for claims against the Company only.

### IV) Coverage Analysis

#### A) Related Claim Analysis

Section VI.(D) of the Policy provides as follows:

> All **Claims** arising out of the same **Wrongful Act** or **Interrelated Wrongful Acts** of one or more of the **Insureds** shall be considered a single **Claim**. Such **Claims** shall be deemed to be first made on the date the first such **Claim** is made or deemed to be made pursuant to Section VIII.(A) of this Policy, regardless of whether such date is before or during the **Policy Period**.

Section IV.(I) of the Policy defines the term "**Interrelated Wrongful Acts**" as "**Wrongful Acts** that have as a common nexus any fact, circumstance, situation, event,

51042/24856/137916/4



Christopher J. Cole, Esq
McCorriston Miller Mukai MacKinnon LLP
Re: *Unified Western Grocers, Inc.*
January 25, 2005
Page 6

transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes."

The allegations in the complaints in the Value Recovery Lawsuit and the Individual Action clearly have as "a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes." Indeed, these lawsuits are based on identical transactions (i.e., the sale of HGS to RHL, and the unpaid loan by Coast to HGS).

As a result, Twin City will treat the Value Recovery Lawsuit and the Individual Action as a single **Claim** under the Policy.

### B) Declination Of Coverage For The Entity Lawsuit Because No Directors And Officers Of The Company Are Named As Defendants

As described above, a prerequisite for coverage under the Policy is a Claim against the Directors and Officers of the Company. In the Entity Lawsuit, no Directors and Officers of the Company are named as defendants. Therefore, there is no coverage under the Policy for the Entity Lawsuit.

### C) Declination Of Coverage For Non-Insureds

Under Insuring Agreements "A" and "B," a prerequisite for coverage under the Policy is a Claim against a Director or Officer of the Company. Accordingly, Twin City declines coverage for any Loss arising from Claims made against the Company only.

Additionally, there is no coverage under the Policy for any individuals that are not Directors or Officers of the Company.

Furthermore, because Richard Loeffler did not become an officer of HGS until after HGS ceased being a Subsidiary of Certified Grocers, and because all of the Wrongful Acts allegedly committed by Loeffler were committed in his capacity as a director and/or officer of RHL, there is no coverage for Loeffler under the Policy.

51042/24856/137916/4


# TUCKER ELLIS & WEST LLP
ATTORNEYS AT LAW

Christopher J. Cole, Esq
McCorriston Miller Mukai MacKinnon LLP
*Re: Unified Western Grocers, Inc.*
January 25, 2005
Page 7

### D) Declination of Coverage Based On The Definition of "Loss"

As you are well aware, the Claims asserted by VRG mirror the Claims asserted by Mark Yee, the Bankruptcy Trustee. Indeed, not only do the Claims asserted by VRG mirror the Claims asserted by Yee, but also the Claims asserted by VRG are entirely meritless, as reflected by the motion for judgment on the pleadings, or, in the alternative, for partial summary judgment filed on October 19, 2004 in the Individual Action in which you assert that VRG lacks standing to pursue such claims.[1]

Nonetheless, there is no coverage for the claim asserted by VRG because they constitute loss which is "restitutionary in character" and therefore uninsurable, as Judge Gillmor recognized in her ruling on December 6, 2004, when she granted Twin City's cross motion for summary judgment and denied Plaintiffs' cross motion for summary judgment, with respect to the claims asserted by Mark Yee.

### E) Reservations of Rights

Twin City also wishes to bring to your attention other Policy provisions which may serve to limit or otherwise exclude coverage.

*First*, California law specifically precludes indemnity for compensatory damages arising out of an insured's intentional acts (CAL. INS. CODE § 533) and/or fraud (CAL. CIVIL CODE § 1668). Accordingly, Twin City reserves the right to decline coverage with respect to the Federal and State Court Lawsuits in the event a trier of fact determines that defendants intentionally, willfully or deliberately committed the acts alleged in the Federal and State Court Lawsuits.

*Second*, Twin City declines coverage for the VRG Lawsuit as to defendant Dan Bane, pursuant to Section V.(F) of the Policy.

*Third*, Section V.(J) of the Policy precludes coverage for Loss in connection with any Claim made against the Directors and Officers "for, based upon, arising from, or in any way related to any deliberately dishonest, malicious or fraudulent act or omission or any willful violation of law by such Insured if a judgment or other final adjudication adverse to the Insured establishes such an act, omission or willful violation." Because the Federal and State Court Lawsuits assert allegations which could potentially fall within the ambit of this exclusion, Twin

---

[1] We would appreciate your advising us as to the status of this motion and whether or not it was ever set for hearing, and when it was first set for hearing. If the matter was never set for hearing, please explain why.



TUCKER ELLIS & WEST LLP
ATTORNEYS AT LAW

Christopher J. Cole, Esq
McCorriston Miller Mukai MacKinnon LLP
Re: *Unified Western Grocers, Inc.*
January 25, 2005
Page 8

City reserves the right to assert this exclusion precludes coverage for the Federal and State Court Lawsuits.

*Fourth*, Section V.(I) of the Policy precludes coverage for Loss in connection with any Claim made against the Directors and Officers "for, based upon, arising from, or in any way related to their gaining in fact any personal profit, remuneration or advantage to which they were not legally entitled." Twin City reserves the right to assert that this exclusion applies to preclude coverage for any award of restitution in connection with the allegations asserted in the Federal and State Court Lawsuits.

*Fifth*, Section IX.(E) of the Policy provides that as follows:

> If any Loss arising from any Claim is insured by another valid policy or policies, then this Policy shall apply only in excess of the amount of any deductibles, retentions and limits of liability under such other policy or policies, whether such other policy or policies are stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written specifically excess of this Policy by reference in such other policy to this Policy's Policy Number.

Accordingly, Twin City reserves the right to assert that any coverage obligations that it might otherwise have are reduced or eliminated by other insurance available to any Insured.

Finally, in a letter dated January 19, 2005, your firm advised Twin City as follows:

> This letter is to inform you that Defendants Unified Western Grocers, Inc., Certified Grocers of California, Ltd, (now known as Unified Western Grocers, Inc.), Grocers Specialty Company, Alfred Plamann, Daniel Bane, Charles Pilliter, Robert M. Ling, Jr. and David Woodward (hereinafter collectively "the Unified Defendants") have reached a tentative global settlement of all claims against the Unified Defendants and Sheppard Mullin Richter Hampton in Yee v. Unified et al., Civil No. 02-00164, Yee v. Unified, et. al., 02-00668, and Value Recovery Group, L.P. v. Unified, et. al., Civil No. 04-1-0355-02. The proposed settlement is subject to the approval of the Board of Unified Western Grocers, Inc., as well as approval of the Bankruptcy Court and a good faith determination. The settlement essentially provides for payment of $500,000 to settle the claims in Yee v. Unified, et. al., Civil No. 02-00164, and

51042/24856/137916/4



Christopher J. Cole, Esq
McCorriston Miller Mukai MacKinnon LLP
Re: *Unified Western Grocers, Inc.*
January 25, 2005
Page 9

payment of $2,000,000 to settle the claims in <u>Yee v. Unified, et. al.</u>, Civil No. 02-00668, as well as the claims in <u>Value Recovery Group, L.P. v. Unified, et. al.</u>, Civil No. 04-1-0355-02.

In your letter, you do not state the basis for the settlement amounts or how the settlement amounts were allocated between the Individual Lawsuit and the Entity Lawsuit. Moreover, it is unusual that you included VRG in the settlement when the VRG Lawsuit has no value based on VRG's lack of standing. Finally, although your letter suggests that Sheppard Mullin benefited from the settlement, you fail to state how much Sheppard Mullin contributed. Based on the foregoing, Twin City reserves the right to assert that the settlements are collusive and unenforceable as to Twin City.

**F)** **Defense**

Section III of the Policy provides that it shall be the duty of the Insureds, not Twin City, to defend any Claim, provided that:

> No Claims Expenses shall be incurred or settlements made, contractual obligations assumed or liability admitted with respect to any Claim without the Insurer's prior written consent, which shall not be unreasonably withheld. The Insurer shall not be liable for any Claims Expenses, settlement, assumed obligation or admission to which it has not consented.

At this time, there is no potential for coverage to the Company based on the allegations asserted by VRG. Therefore, Twin City has no obligation to reimburse the Company for defense costs incurred in connection with the VRG Lawsuit.

**G)** **Allocation**

Section VII of the Policy provides, in pertinent part, as follows:

> If both Loss covered under this Policy and loss not covered under this Policy are incurred, either because a Claim against an Insured includes both covered and uncovered matters ... the Insureds and the Insurer shall fairly and reasonably allocate such amount between covered Loss and uncovered Loss.

In the event that coverage is ultimately afforded under the Policy, Twin City reserves the right to assert that an allocation be made between covered and uncovered Claims.

51042/24856/137916/4



**TUCKER ELLIS & WEST LLP**
ATTORNEYS AT LAW

Christopher J. Cole, Esq
McCorriston Miller Mukai MacKinnon LLP
Re: *Unified Western Grocers, Inc.*
January 25, 2005
Page 9

payment of $2,000,000 to settle the claims in <u>Yee v. Unified, et. al.</u>, Civil No..02-00668, as well as the claims in <u>Value Recovery Group, L.P. v. Unified, et. al.</u>, Civil No. 04-1-0355-02.

In your letter, you do not state the basis for the settlement amounts or how the settlement amounts were allocated between the Individual Lawsuit and the Entity Lawsuit. Moreover, it is unusual that you included VRG in the settlement when the VRG Lawsuit has no value based on VRG's lack of standing. Finally, although your letter suggests that Sheppard Mullin benefited from the settlement, you fail to state how much Sheppard Mullin contributed. Based on the foregoing, Twin City reserves the right to assert that the settlements are collusive and unenforceable as to Twin City.

### F) Defense

Section III of the Policy provides that it shall be the duty of the Insureds, not Twin City, to defend any Claim, provided that:

> No Claims Expenses shall be incurred or settlements made, contractual obligations assumed or liability admitted with respect to any Claim without the Insurer's prior written consent, which shall not be unreasonably withheld. The Insurer shall not be liable for any Claims Expenses, settlement, assumed obligation or admission to which it has not consented.

At this time, there is no potential for coverage to the Company based on the allegations asserted by VRG. Therefore, Twin City has no obligation to reimburse the Company for defense costs incurred in connection with the VRG Lawsuit.

### G) Allocation

Section VII of the Policy provides, in pertinent part, as follows:

> If both Loss covered under this Policy and loss not covered under this Policy are incurred, either because a Claim against an Insured includes both covered and uncovered matters ... the Insureds and the Insurer shall fairly and reasonably allocate such amount between covered Loss and uncovered Loss.

In the event that coverage is ultimately afforded under the Policy, Twin City reserves the right to assert that an allocation be made between covered and uncovered Claims.

51042/24856/137916/4



Christopher J. Cole, Esq
McCorriston Miller Mukai MacKinnon LLP
Re: *Unified Western Grocers, Inc.*
January 25, 2005
Page 10

### V) **Conclusion**

Twin City invites any questions or comments that the Insureds may have in connection with this coverage position. Any additional information, including but not limited to, amended pleadings, should be forwarded to this office so that coverage issues can be reexamined. In the interim, however, Twin City continues to reserve all rights available under the Policy and available at law and in equity, and the right to raise additional policy terms, conditions, and defenses as additional facts come to our attention. Nothing herein shall be construed as a waiver of any rights or defenses that Twin City now has or hereafter may have under the Policy or at law or equity.

Once you have had an opportunity to review this letter, please feel free to contact me with any questions or comments that you might have.

Very truly yours,

Janice R. Hugener
for Kim W. West

KWW/JRH/lah

51042/24856/137916/4