## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs appear to be suffering from the mistaken belief that they have already prevailed in demonstrating there is coverage for the Trustee's claims in the Underlying Lawsuit,[1] and that it is a foregone conclusion that they will prevail, if only given the chance, in proving their two [proposed] "new" counts for breach of the implied covenant of good faith and fair dealing ("bad faith") and declaratory relief (involving the claims brought by Value Recovery Group).

Plaintiffs are wrong.

The truth is that Plaintiffs have not succeeded in demonstrating that there is coverage for <u>any</u> of the Trustees' claims in the Underlying Litigation. In fact, to date, neither the District Court nor the Ninth Circuit Court of Appeals has determined that Twin City owes <u>any</u> indemnity or defense obligations to Plaintiffs.  Yet, Plaintiffs appear to believe that they are entitled to amend a complaint which is almost four years old (<u>1,376 days old to be</u>

---

[1]  Plaintiffs refer to the "Underlying Lawsuit" as the action filed by Mark J.C. Yee, the bankruptcy trustee (the "Trustee") for the estate of Hawaiian Grocery Stores, Ltd. ("HGS"), against Unified Western Grocers, Inc., Certified Grocers of California, Ltd., Grocers Specialty Company, and five of Unified Western Grocers' directors and officers (Alfred A. Plamann, Charles Pilliter, Daniel T. Bane, Robert M. Ling and David Woodward) entitled <u>Yee v. Unified Western Grocers, et al.</u>, Civil No. 02-00668 HG BMK.

precise!).

Contrary to Plaintiffs' contention that Rule 15(a) is so indefinitely broad and overly liberal that the District Court has no choice but to grant Plaintiffs' request, there are abundant grounds upon which the District Court may exercise its discretion to deny Plaintiffs' Motion for Leave to File First Amended Complaint ("Plaintiffs' Motion")

*First*, granting Plaintiffs' request to add a putative count for bad faith is futile because such a cause of action cannot be lawfully stated on the facts of this case. Under controlling California authorities,[2] Twin City is insulated from such liability as a matter of law insofar as, at all relevant times, a genuine dispute as to coverage has existed and awaits judicial determination.

*Second*, Plaintiffs' proposed bad faith count is clearly subject to dismissal under Rule 12(b)(6) because the allegations are time barred.

*Third*, Plaintiffs' request to add a purported count for declaratory relief is futile because the Value Recovery Group ("VRG") claims against the directors and officers require willful conduct and are therefore uninsurable pursuant to California Insurance Code §533. *See Lippi v. City Bank*, 955 F.2d

---

[2] The Ninth Circuit has affirmed that California law shall be applied in the coverage litigation. *Unified Western Grocers, Inc. v. Twin City Fire Ins. Co.* 457 F.3d 1106, 1111 (9th Cir. 2006) ("The district court did not err in holding that California has the strongest interest in seeing its laws applied to this case and that the parties were most closely connected with California").

599, 612 (9th Cir. 1992).

*Fourth*, the tardiness of Plaintiffs' proposed counts for bad faith and declaratory relief results solely from Plaintiffs' own lack of diligence.  Indeed, the failure to allege these counts at the inception constitutes an admission by Plaintiffs that this matter concerns a good faith, genuine dispute about coverage.  The only change in circumstances is that judgment was previously entered by this Court in favor of Twin City, and the Ninth Circuit reversed and remanded based on some limited questions of fact after expressly recognizing, "It is clear that certain allegations in the Underlying Complaint describe willful conduct."[3]  *See Unified Western Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1113 (9th Cir. 2006).  Thus, the addition of these counts would be properly denied in the exercise of the Court's considerable discretion.

*Finally*, the proposed amendment is manifestly unfair; unduly

---

[3]  Contrary to Plaintiffs' assertion at page 5 of its brief, the Ninth Circuit did not rule that "Yee asserted claims based on negligent conduct" and that "Yee's claims sought insurable damages."  The truth is that instead of ruling affirmatively in favor of either side, the Ninth Circuit stated that "genuine issues of material fact remain as to the resolution of these issues" [whether the district court's grant of summary judgment in favor of Twin City based on findings that the trustee's complaint alleged only willful acts and sought only restitutionary relief uninsurable under California law was proper].  *See Unified Western Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1109 (9th Cir. 2006).  On this basis, the Ninth Circuit remanded this case to the District Court "for further factual development."  *Id.*

prejudicial to Twin City in light of the November 6, 2007, trial date because it will result in the nullification of prior discovery; will necessitate future discovery in less than ample time to conduct it insofar as the additional claims advance different legal theories and require proof of different facts; and is brought in bad faith in light of the June 13, 2007, Mandatory Settlement Conference.

As a result of these weighty and overriding factors, Plaintiffs' Motion should be denied.

## II.    **STANDARD OF REVIEW**

Plaintiffs correctly concede that they must obtain leave of court to amend their Complaint at this late stage in the coverage litigation. FED. R. CIV. P. 15(a). A district court's denial of a motion to amend a complaint is reviewed for abuse of discretion. *Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir. 2004); *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999).

It is not an abuse of discretion for a district court to deny leave to amend where the proposed amendment: (1) is futile; (2) is the result of undue delay; (3) prejudices the opposing party; **or** (4) is sought in bad faith. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006), citing with approval, *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387

(9th Cir. 1990).

Moreover, the Ninth Circuit looks unfavorably upon motions for leave to amend which are, as here, presented at the end of litigation, are not based on any newly discovered facts, and would unduly delay disposition of the case.[4]  *See, e.g., Acri v. International Ass'n. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986) (court held that, under Rule 15(a), undue delay, bad faith in seeking amendment, or undue prejudice to the party opposing amendment are grounds for denying leave to amend); *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (court found that late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action).

As explained below, it is well within the District Court's power and discretion to deny Plaintiffs' Motion.

---

[4]  In early January, 2007, this Honorable Court advised the parties that this case would be resolved this year, either by settlement or by trial, yet Plaintiffs waited until the eve of the cutoff to file this motion to add two entirely new substantive counts which will require ample and quite different discovery and which clearly can and should be dealt with on dispositive motion.  Plaintiffs have not explained any reason whatsoever justifying the delay because they cannot.  There is no *bona fide* good faith explanation.

## III.  ARGUMENT

### A.    Both of the Proposed New Counts Are Futile.

If a proposed amendment is futile, or would be subject to a motion to
dismiss, it is not an abuse of discretion for the court to deny leave to amend.
*Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *Reddy v. Litton
Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).  Because both of Plaintiffs'
proposed new counts against Twin City are legally insufficient and would not
withstand a motion to dismiss, Plaintiffs' Motion should be denied.

> 1.    Plaintiffs' proposed bad faith claim is without merit
> because Twin City acted reasonably in declining coverage
> and there is a genuine dispute over coverage.

Subject to the Terms and Conditions of Twin City Directors Officers
and Company Liability Policy No. NDA0105226-01 (the "Policy"), Insuring
Agreement B ("Company Reimbursement") provides coverage for **Claims**[5]
first made during the **Policy Period** for **Loss** for which the **Company** has, to
the extend permitted or required by law, indemnified the **Directors and
Officers**.[6]  [*See* Exhibit "A" to Declaration of Samantha M. Ball ("Ball

---

[5]  Bold font is used to emphasize terms which are defined by the Policy.

[6]  The Underlying Lawsuit settled in an amount far below the value of
the Trustee' preference claims (for substantially less than the disgorgement
amounts or ill-gotten gains taken by Plantiffs for their own ill-deserved
benefit at the expense of HGS.)  It is undisputed that the Directors and
Officers did not contribute towards the settlement or, for that matter, **Claims**

Declaration") filed concurrently herewith.]    However, the Policy does not provide coverage for matters which are "uninsurable pursuant to any applicable law." [*See* Ball Declaration, Exhibit "A."]

Based on the undisputed facts and applicable law, the District Court previously held that Twin City had no duty to indemnify Plaintiffs for the Underlying Lawsuit because: (1) California law applies; (2) California Insurance Code § 533 precludes coverage for willful acts; and (3) California law precludes coverage for disgorgement of ill-gotten gains.

On appeal by Plaintiffs, the Ninth Circuit agreed that California law applies to this dispute, agreed that California Insurance Code § 533 precludes coverage for willful acts, and agreed that California law precludes coverage for restitutionary relief or disgorgement of ill-gotten gains.    However, the Ninth Circuit reversed the grant of summary judgment in favor of Twin City based upon what the Ninth Circuit characterized as an inadequate evidentiary

---

**Expenses**.  Because the Directors and Officers did not sustain any **Loss**, Insuring Agreement A ("Directors and Officers Liability") is inapplicable.  On remand, the issues will be whether there is coverage under Insuring Agreement B ("Company Reimbursement"), and, if so, how much of the **Loss** should be allocated to the Directors and Officers. *Slottow v. American Cas. Co.*, 10 F.3d 1355, 1359 (9th Cir. 1993) (holding that a settlement must reflect a "good faith estimate of the relative liabilities of the parties at the time of settlement" or it will be disregarded by the court for allocation purposes in coverage litigation).

record, and remanded this case to the District Court for more discovery and further proceedings consistent with the Ninth Circuit's Opinion.

Tellingly, the Ninth Circuit denied Plaintiffs' request to enter summary judgment in favor of Plaintiffs. Hence, contrary to Plaintiffs' spin, there has been no finding of coverage under the Policy.

Absent coverage, the claim for breach of the implied covenant of good faith and fair dealing must fail. *Ticor Title Ins. Co. v. Employers Ins. of Wausau*, 40 Cal. App. 4th 1699, 1714 (1995); *Kopczynski v. Prudential Ins. Co.*, 164 Cal. App. 3d 846, 849 (1985) (where policy excluded coverage, there could not have been a bad faith denial of coverage); *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153 (1990) (it is well-settled that a claim for bad faith cannot be maintained unless policy benefits are due).

Even an erroneous denial of a defense of an insured's claim alone is insufficient for "bad faith" liability; the insurer must have denied a defense "without proper cause." *Shade Foods, Inc. v. Innovative Prod. Sales & Mktg., Inc.*, 78 Cal. App. 4th 847, 881 (2000). Bad faith liability cannot be imposed if there is a genuine issue as to the insurer's liability, and the "genuine dispute" issue may be resolved as a matter of law. *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 347 (2001) (pursuant to the "genuine dispute doctrine," an insurer does not act in

bad faith even where it mistakenly withholds policy benefits, if the mistake is reasonable or is based on a legitimate dispute as to the insurer's liability); *see also, Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 993-994 (9th Cir. 2001) (a court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, so long as there existed *a genuine issue as to the insurer's liability*.)

*Slottow v. American Cas. Co.*, 10 F.3d 1355, 1359 (9th Cir. 1993), is particularly instructive. In *Slottow*, the Ninth Circuit reversed a $5 million punitive damages award against American Casualty, holding that plaintiffs were not entitled to an award of punitive damages under California law.  At page 919, Judge Kozinski addresses the relative equal footing between the insured entity and the insurer as a basis to preclude a finding of oppression; recognizes that the insurer was completely candid about its coverage position in disposing of the contention the insurer acted fraudulently; and recognizes that the coverage dispute was a contract dispute, where each side advanced its position aggressively, nothing more, in determining that the insurer did not act "with an intention to vex, injure or annoy." In relevant part, Judge Kozinski stated as follows:

> ...Disagreement over insurance coverage – so long
> as the issues disputed are bona fide – is an ordinary
> cost of doing business. Nothing in California law

> suggests a refusal to provide coverage as requested by an insured, when the refusal is supported by a reasonable, good faith argument, can form the basis for punitive damages.
>
> Here American won on some of its claims and lost on others. All of its arguments were plausible; none was laughable. There is no showing American tried to take advantage of the bank's vulnerability, or that it denied any of the claims hoping it could get the bank to settle for less than American knew it was entitled to. Under these circumstances, the award of punitive damages cannot be sustained.

When the *Slottow* rationale is applied to the circumstances of this matter, clearly the bad faith count is futile.

Additionally, Plaintiffs' inflammatory rhetoric is unwarranted. For example, Plaintiff contends that Twin City accused its own insureds of "looting" HGS, yet the District Court referred to the transactions as "looting" when summary judgment was granted in Twin City's favor. [*See*, Exhibit "B" to Ball Declaration at 31:12-21.] Thereafter, the insureds' own counsel, William McCorriston, mentioned allegations involving his clients' "looting" during oral argument approximately seven (7) times, whereas Twin City's counsel referred to the term adopted by the District Court on only two occasions out of necessity. [*See*, Exhibit "C" to Ball Declaration at 4:21-5:3; 8:19-25, 10:8-13; 11:8-14, 11:25-12:2, 24:10-18, 26:8-17, 14:1-5, 16:2-5.]

The District Court later reaffirmed its finding of "looting" at the hearing

on Plaintiffs' Motion for Reconsideration of the entry of summary judgment in favor of Twin City ("Mr. McCorriston, if I followed your line of logic, there would be no damages that grew out of looting that could be collected, and that just cannot work. I mean, you can't insure the damages that grow out of looting, either, just like you can't insure the looting. So that kind of progression, logically, isn't working for me."). [*See*, Exhibit "C" to Ball Declaration at 25:12-17.]

In view of the foregoing analysis, it is unquestionable that there is a genuine dispute about coverage, that Twin City did not act unreasonably in declining coverage for the Underlying Lawsuit, and that Twin City did not even engage in some of the conduct that allegedly constitutes bad faith. Because California law undeniably precludes coverage for willful conduct and disgorgement of ill-gotten gain, Plaintiffs' "bad faith" count lacks merit as a matter of law and should be denied as futile.

      2.    <u>Plaintiffs' proposed bad faith count is barred by the applicable statute of limitations.</u>

Plaintiffs accurately allege that Twin City declined coverage for the Underlying Lawsuit by letter dated November 7, 2002. [*See*, proposed First Amended Complaint for Declaratory Relief and Other Relief attached to Plaintiffs' Motion, p. 9.] Hence, Plaintiffs' own allegations establish that the proposed counts are time barred.

Under California law, the statute of limitations for a bad faith breach of an insurance policy is two years if the insured seeks tort remedies and punitive damages. CAL. CODE CIV. PROC. § 339(1). An insured may also sue for contractual bad faith, which limits recoverable damages and precludes recovery for punitive damages. The statute of limitations for contractual breach of contract is four years. CAL. CODE CIV. PROC. § 337(1).

The statute of limitations begins to run upon the insurer's unconditional denial of the insured's claim. *State Farm Fire & Cas. Co. v. Superior Court*, 210 Cal. App. 3d 604, 609 (1989). Accordingly, with respect to the Trustee's claim, the statute of limitations for Plaintiffs' bad faith count began to accrue on November 7, 2002. Hence, the two year statute of limitations bars claims for tortious bad faith filed after November 7, 2004 (over two ½ years ago), and the four year statute of limitations bars claims for contractual bad faith filed after November 7, 2006 (approximately seven months ago). Therefore, Plaintiffs' bad faith count against Twin City based on the Trustee's claim is time barred.

Moreover, Twin City declined coverage for the VRG claim on January 25, 2005. Therefore, with respect to the denial of coverage for VRG's claims, the two year statute of limitations bars claims for tortious bad faith.

3.    <u>Plaintiffs' request to add a count for declaratory relief is futile and should be denied because there must be evidence of willful conduct by the directors and officers in order for VRG to have recovered and there is no coverage for willful conduct under California law.</u>

VRG joined the Trustee's Third Amended Complaint in the Underlying Lawsuit and filed tandem claims (duplicative mirror image counts and allegations) against Unified Western Grocers' directors and officers after certain of the Trustee's claims were dismissed due to a lack of standing. The Third Amended Complaint in the Underlying Lawsuit refers to Plaintiffs' willful conduct involving the leveraged buyout of HGS. *See* Plaintiffs' Exhibit "B" to Motion to Amend ("Third Amended Complaint") at ¶¶ 84-92.

VRG's claims were later settled as part of a global settlement of all of the cases against Plaintiffs resulting from the leveraged buyout and bankruptcy of HGS. Not coincidentally, the settlement of the Underlying Lawsuit and VRG's claims occurred immediately after Twin City prevailed on summary judgment.

Coverage for VRG's claims was not determined on summary judgment in the coverage litigation because, for reasons that still remain unexplained by Plaintiffs, Plaintiffs failed to include a count for declaratory relief involving VRG's claims in its complaint against Twin City.

However, even if Plaintiffs had asserted a declaratory relief count in their complaint, it would have been subject to dismissal under California Insurance Code §533 because VRG, as a "new money lender," must demonstrate evidence of willful conduct in order to recover against Unified Western Grocers' directors and officers. *See Lippi v. City Bank*, 955 F.2d 599, 612 (9th Cir. 1992).

In *Lippi*, much like the facts in this case, a Chapter 11 bankruptcy trustee filed an action involving a leveraged buyout ("LBO") of debtor, Pacific Industrial Distributors, to recover monies fraudulently and/or illegally transferred.

Pending appeal, the case proceeded to trial against certain defendants. The jury entered a finding that there was an intent to hinder, delay or defraud subsequent creditors. On appeal, the Ninth Circuit stated as follows:

> We have no quarrel with the district court's legal conclusion, drawn from *Kupetz* and *Credit Managers*, that in the context of LBOs, future creditors' right to sue must be limited to cases where there is actual intent to defraud or to conceal the transaction from public scrutiny. Indeed, that approach is consistent with Hawaii's common law of fraudulent conveyance, which allows subsequent creditors to set aside a conveyance only where it is shown that the debtor conveyed with intent to defraud creditors, that the transfer was secret or concealed, or that the debtor transferred with the intention of engaging in a new and hazardous

> business, the risk of which would be placed upon
> subsequent creditors. *See Metzger v. Lalakea,* 32
> Haw. 706 (1933).

Because willful conduct is uninsurable pursuant to California Insurance

Code Section 533, any loss attributable to the VRG claim is uninsurable as a

matter of law.  Consequently, Count Two for declaratory relief is futile, and

leave to amend should not be granted.

**B.**   **Plaintiffs' Delay In Seeking Leave To Amend Justifies Denial Of The Motion In Its Entirety.**

Twin City formally declined coverage for the Trustee's claims in the

Underlying Lawsuit on November 7, 2002.  Plaintiff then filed a Complaint

against Twin City on June 23, 2003.  Notably, bad faith was not alleged.

Since filing the Complaint, one-thousand three-hundred and seventy-six

(1,376) days have passed, which is beyond case law definitions of excessive

delay, all without explanation by Plaintiffs. [7]

---

[7] Plaintiffs may attempt to argue that Twin City's delay argument is unfair because Twin City also filed a Motion for Leave to Amend its Answer on the same date that Plaintiffs filed their Motion for Leave to Amend First Amended Complaint.  However, such an argument would be misplaced because Twin City's motion to amend is premised upon new facts (Twin City's receipt on February 23, 2007, of the Settlement Agreement in the Underlying Litigation).  Twin City filed its Motion to Amend 41 days later. Therefore, Twin City's motion is clearly timely.  Moreover, unlike Plaintiffs' proposed Amended Complaint, Twin City's proposed amendment to its

Moreover, by February of 2004, Plaintiffs were aware of VRG's claims when VRG affirmatively sued Plaintiffs in State Court. In the summer of 2004, VRG then joined the Trustee's Third Amended Complaint as a Plaintiff. Plaintiffs tendered VRG's claims for coverage to Twin City by letter dated June 23, 2004. Plaintiffs sought adjudication of VRG's claims (that there is coverage) in late 2004 by way of its summary judgment briefing in the coverage litigation. However, the Honorable Presiding Judge Helen Gillmor properly declined to rule on whether there was coverage for VRG's claims because Plaintiffs had failed to include a count for declaratory relief involving VRG's claims in its Complaint. After Plaintiffs made that mistake, Plaintiffs again delayed by failing to seek leave to amend as immediately as possible after the remand was accepted by the District Court on November 15, 2006.

A district court properly denies a motion for leave to amend when the plaintiff(s) unduly delayed in filing their motion.[8] *See, e.g., Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988) (Ninth Circuit affirmed district court's denial of motion to amend in part on ground of undue delay).

---

Answer does not involve new substantive claims which will require discovery. Therefore, the parties' motions are proverbial "apples and oranges."

[8] The fact Plaintiff's motion was filed within the time allowed in the Court's scheduling order does not mean that it is timely for purposes of Rule 15. *See AmerisourceBergen, supra,* 465 F.3d at 951-53.

In evaluating undue delay, a court looks to "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen*, *supra*, 465 F.3d at 953 (internal quotations omitted) (upholding district court's denial of leave to amend when pertinent facts were known to plaintiff before filing of original complaint); *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990) (district court held that two-year delay in filing motion for leave to amend was relevant factor in denying the motion); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (motion for leave to amend with no reason given for the delay supported the district court's denial of leave); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (plaintiff's motion for leave to amend complaint filed six months after discovery of new claims was unduly delayed).

Here, Plaintiffs do not assert that they have discovered new information necessitating amending the pleadings, and they have not otherwise justified their delay in moving to file an amended complaint. In fact, Plaintiffs clearly knew the facts and theories raised by the proposed amendment as early as November 7, 2002 (for the bad faith count), and by February, 2004 (for the declaratory relief count involving VRG's claims). Plaintiffs' dilatory tactics should not be rewarded.

Accordingly, the untimely nature of Plaintiffs' Motion, overlaid by the futility of the proposed amendment, gives this District Court more than ample grounds upon which to deny Plaintiffs' Motion.

## C.    If Plaintiffs Are Granted Leave To Amend, Twin City Will Suffer Substantial Prejudice.

Prejudice to the party opposing a motion to amend is good reason for denying leave to amend, even if none of the other factors are present. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (holding that appellees would be prejudiced because additional discovery would have to be undertaken on appellants' new claims, which advance different legal theories and require proof of different facts, and because appellees would need to relitigate a portion of their action with their insurer on different theories raised by the additional claims).

When prejudice would result from an amendment to a complaint, it is within the court's discretion to deny leave to amend. *Jackson*, 902 F.2d at 1387 (district court held that leave to amend is "not to be granted automatically"); *Soloman v. North Am. Life & Ins. Cas. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (district court's denial of motion to amend was not an abuse of discretion because the insurer would be prejudiced if insured's motion for leave to amend were granted because it was filed on the eve of a

discovery deadline and would delay the proceedings); *Morongo Band of Mission Indians, supra*, 893 F.2d at 1079, *aff'd on remand*, 34 F.3d 901 (9th Cir. 1991) (finding that defendants would be prejudiced by a proposed amendment because, among other things, it would greatly alter the nature of the litigation and require defendants to undertake, at a late hour, an entirely new course of defense).

Here, Twin City will be substantially prejudiced if leave to amend is granted because the addition of two distinct and different counts just five (5) months before trial would force Twin City to divert its efforts from defending a claim for declaratory relief involving the Trustee's claims in the Underlying Lawsuit to responding to and defending new claims involving bad faith and declaratory relief for the VRG claims. These new claims will require different discovery, different experts, and are clearly subject to dispositive motion. However, with a November 6, 2007, trial date, if the amendment is allowed, Twin City will be denied the opportunity to conduct even the most superficial discovery, and Twin City will clearly have insufficient time to file dispositive motion(s). Moreover, Twin City's trial preparation would be adversely affected. Consequently, Plaintiffs' untimely Motion should be denied to avoid unfair prejudice to Twin City.

**D.      The Motion Is Brought In Bad Faith.**

Plaintiffs could have, but did not, sue for bad faith years ago when they were aware that Twin City had declined coverage.  Plaintiffs could have sought leave to amend their complaint to add a declaratory relief count involving VRG's claims in 2004, but they chose not to.  Plaintiffs have had approximately six (6) months since the remand to seek leave to amend, but they have delayed seeking such relief until the last possible moment.  The only explanation for all of this is that Plaintiffs' Motion is brought in bad faith and with dilatory motives in an effort to threaten Twin City with prolonged and meritless litigation on the eve of the June 13, 2007, Mandatory Settlement Conference.  Plaintiffs' bad faith tactics are a transparent attempt to increase the perceived settlement value of this simple declaratory relief case.  Due to this additional factor, Plaintiffs' Motion should be denied.

## IV.    CONCLUSION

Because of the futility of the proposed declaratory relief count (Count Two) and the proposed bad faith count (Count Three), the statute of limitations bar, Plaintiffs' inexcusable delay, the bad faith nature of this Motion and the proposed amendment, and the substantial prejudice that Twin City will be forced to endure if Plaintiffs' Motion is granted at this juncture in the litigation, Twin City submits that it is well within the District Court's

power and discretion to deny Plaintiffs' motion for leave to amend.

Therefore, Twin City respectfully requests that Plaintiffs' Motion for Leave to File First Amended Complaint be denied, with prejudice.

DATED:  Honolulu, Hawai`i, May 25, 2007.

FUKUNAGA MATAYOSHI
HERSHEY & CHING LLP        _____/s/ Sheree Kon-Herrera_____
                            WESLEY H. H. CHING
                            SHEREE KON-HERRERA

DATED:  Los Angeles, California, May 25, 2007.

TUCKER ELLIS &WEST LLP    ____/s/ Samantha M. Ball_____
                            KIM W. WEST (*Admitted Pro Hac Vice*)
                            SAMANTHA BALL (*Admitted Pro Hac Vice*)
                            Attorneys for Defendant,
                            TWIN CITY FIRE INSURANCE
                            COMPANY