# MCCORRISTON MILLER MUKAI MACKINNON LLP
ATTORNEYS AT LAW

JONATHAN H. STEINER
ATTORNEY

DIRECT #S:
PHONE - (808) 529-7330
FAX - (808) 535-8038
E-MAIL - STEINER@M4LAW.COM

February 7, 2005

**VIA FACSIMILE NO.: (415) 617-2409**

Kim W. West, Esq.
Tucker Ellis & West LLP
555 California Street, Suite 3130
San Francisco, CA 94104

Re:  Unified Western Grocers, Inc., et al. v.
     Twin City Fire Insurance Company
     Policy Type:   Directors & Officers Liability
     Policy No.:    NDA0105226-01
     Claim No.:     02-287-634
     Our File No.:  51042/24856

Dear Mr. West:

This letter responds to your inquiries in your letter dated January 25, 2005.

In your letter, you request a "basis for the settlement amounts and how the settlement amounts were allocated between the Individual Lawsuits and the Entity Lawsuit." As stated in our letter, $500,000 was allocated to the "Entity Lawsuit," all of which was specifically allocated to the preference claim. No amounts were allocated to the other claims alleged therein. Regarding the "basis for the settlement amounts," as in any settlement, they represent a compromise based upon the risks and costs of litigation and the potential exposure, without any admission of wrongdoing.

Your letter also asks why VRG was included in the settlement, "when the VRG Lawsuits should have been dismissed on lack of standing, as asserted in the motion your firm filed on October 19, 2004." In another letter, you ask whether said motion was ever set for hearing, or if not, why. The motion you reference was filed by our offices on October 19, 2004. As you are aware, prior to that time, the case had been transferred to the Honorable Manual Real, who is a visiting judge out of the Central District of California. Judge Real never set the motion for hearing, presumably as he intended to hear that motion along with the other summary judgment motions when he was in Hawaii. Prior to that motion ever being set for hearing, the settlement was reached. Thus, while we took the position in that motion that VRG lacked standing to assert the claims in Counts 1, 3, 10 and 16, the outcome of motion was not certain. Moreover, the

104131.1

P.O. Box 2800 • Honolulu, Hawaii 96803-2800
Five Waterfront Plaza, 4th Floor • 500 Ala Moana Boulevard • Honolulu, Hawaii 96813
Telephone: (808) 529-7300 • Fax: (808) 524-8293 • E-mail: info@m4law.com


EXHIBIT "K"

Kim W. West, Esq.
February 7, 2005
Page 2

Motion did not address Count 18 asserted in the Complaint by VRG against all defendants. In answer to your question as to the reason VRG was included in the settlement, the claims of VRG were included to eliminate any potential exposure to our clients.

As to Sheppard Mullin, the settlement includes dismissal of all claims asserted against Sheppard Mullin. The full $2.0 million for dismissal of the "Individual Lawsuit" will be paid by the Unified Defendants. Whether and how much Sheppard Mullin will contribute has yet to be determined.

A copy of the settlement agreement will be provided to you once it has been finalized. We hope this information will cause you to reconsider your denial of coverage. Please advise.

Very truly yours,

McCORRISTON MILLER MUKAI MacKINNON LLP

Jonathan H. Steiner

JHS:jmc

cc:    Samantha M. Ball, Esq.

104131.1